**Martha S. Hughey HAAS, Appellant,**

v.

**Samuel M. GEORGE, Appellee.**

No. 06–01–00113–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 12, 2002.

Decided March 22, 2002.

Joe R. McCray, McCray & Robinson, San Francisco, CA, Jennifer Truelove, Curry & Morin, LLP, Marshall, for appellant.

Ken W. Good, Buchanan Kent, PC, Tyler, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Martha Haas appeals from the granting of Samuel George's motion for summary judgment. Haas filed suit against George in 1999 for alleged legal malpractice committed by George during his representation of her during her divorce proceedings. She specifically alleged negligence, gross negligence, breach of fiduciary duties, breach of contract, violations of the Deceptive Trade Practices Act (DTPA), and conversion of money.

Haas contends the trial court erred: 1) in granting George's motion for summary judgment on her claims for legal malpractice; 2) in permitting George to file "supplemental papers" in support of his motion for summary judgment without providing her a reasonable opportunity to respond; 3) in granting George's no-evidence motion for summary judgment on her claim of conversion of money; 4) in granting George's motion for summary judgment on her claims of breach of fiduciary duties, breach of contract, and violations of the DTPA; and 5) by denying her motion to order preservation of evidence in the possession of the law firm of Potter, Minton, Roberts, Davis, and Jones (Potter law firm).

In 1989, Haas hired George to represent her in divorce proceedings against her husband, Gaylord Hughey. A final decree of divorce was rendered by the trial court on February 14, 1991. That decree incorporated an agreement incident to divorce in which Haas was to receive $4,333.00 a month in child support, but one half of which was called "alimony." Haas contends George explained to her at that time the "alimony" reference was for Hughey's tax purposes and reassured her that all of it was for child support.

Following the finalization of the divorce, George represented Haas on different occasions between 1993 and 1997 regarding child support and child custody. On March 3, 1997, Haas received a letter from George stating that the monthly payments made to Haas were for her one half of the community estate, rather than for child support. Haas fired George on April 2, 1997, and subsequently brought this action

against him on February 26, 1999.[1]

Haas contends George committed legal malpractice by failing to properly ascertain the value of the community property estate, by failing to inform her of a settlement offer for the entire community estate, by misrepresenting the nature of the child support settlement, and by representing to her that the settlement was the best settlement she could get. She contends she did not discover George's misconduct until after his dismissal in 1997, and that, because of his actions, she received a grossly disproportionate share of the community estate and entered into an agreement for an amount of child support far less than to what she was entitled. All of these allegations stem from George's representation of Haas during the divorce proceedings.

In addition to these allegations, Haas also made a claim against George for conversion of money. In 1996, Haas received a court order for back child support. Even though Haas had paid George for the fees he had billed, she let him retain $6,000.00 out of the total sum she received pursuant to the court order for back child support. This retention by George was for anticipated future attorney's fees. Haas contends George refused to reimburse her the $6,000.00 until April 1998, and then he did not pay any interest on the $6,000.00.

George filed a motion for summary judgment on January 9, 2001. The trial court held a hearing on the motion on February 7, 2001. At the hearing, George objected to Haas' affidavit because the copy on file with the trial court was not signed or notarized. Haas' counsel explained this was an inadvertent error and he had a signed and notarized affidavit in his files at the office. The trial court gave Haas until 2 p.m. the next day, February 8, to file and serve the signed and notarized affidavit. The trial court also granted George until the same deadline to file "supplemental papers." Haas contends she did not have adequate time to review George's supplemental filing before the trial court rendered judgment later that day.

The trial court granted summary judgment as to all claims on February 8, 2001. At a clarification hearing the following day, the trial court explained that the entire petition and all causes of action were dismissed. Haas then moved for a motion requiring the Potter law firm to produce compensation records related to Hughey and to have these records preserved. The trial court denied this motion.

■ We first address Haas' fourth point of error in which she contends the trial court granted more relief than George requested.[2] Haas contends George only

---

1. George was notified of the claim in April 1998, but the parties entered into an agreement on November 12, 1998, to delay the filing and tolling of limitations. Neither party is complaining this agreement has been breached or in any way affects the timetable of this proceeding. George's counsel admits to the agreement, but contends it has no effect because the statute of limitations had already run years earlier. Haas does not rely on the agreement to extend the statute of limitations.

2. Although neither party objects to the finality of this judgment, we recognize that, as a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har–Con*

*Corp.*, 39 S.W.3d 191, 195 (Tex.2001). The language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. *Id.* The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. *Id.* at 200. If the intent to dispose of the case is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. *Id.* A judgment that grants more relief than a party is entitled to is erroneous and subject to reversal, but it is not, for that reason alone, interlocutory. *Id.*

moved for summary judgment on the legal malpractice and conversion claims, not the breach of contract, breach of fiduciary duty, and DTPA claims. If the summary judgment grants more relief than a party is entitled to, it should be reversed and remanded. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 200 (Tex.2001).

■ Haas is correct. George did not move for summary judgment explicitly on her claims for breach of fiduciary duty and breach of contract. Rather, George moved for summary judgment on the "claims of legal malpractice." However, we find Haas' claims for breach of fiduciary duty and breach of contract are encompassed in the legal malpractice claim. *Cuyler v. Minns,* 60 S.W.3d 209, 216 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) (breach of contract and breach of fiduciary duty claims represent impermissible fracturing of legal malpractice claim); *Sledge v. Alsup,* 759 S.W.2d 1, 2 (Tex.App.-El Paso 1988, no writ) ("If a lawyer's error or mistake is actionable, it should give rise to a cause of action for legal malpractice with one set of issues which inquire if the conduct or omission occurred, if that conduct or omission was malpractice and if so, subsequent issues on causation and damages."); *see also Ross v. Arkwright Mut. Ins. Co.,* 892 S.W.2d 119, 133–34 (Tex. App.-Houston [14th Dist.] 1994, no writ) (discussing state's public policy against splintering claims). In *Cuyler,* the court found the appellant's claims for breach of

contract and breach of fiduciary duty arose from the same set of facts and circumstances as the alleged malpractice, and because summary judgment on the alleged malpractice was proper, summary judgment on those claims was proper. *Cuyler,* 60 S.W.3d at 216; *see also Smith v. Heard,* 980 S.W.2d 693, 697 (Tex.App.-San Antonio 1998, pet. denied). This case is similar to *Cuyler,* in that the claims for breach of fiduciary duty and breach of contract arise out of the same set of facts as the claims for legal malpractice and George properly moved for summary judgment on these grounds.

■ The same is not true, however, for Haas' claims under the DTPA. Such claims are not part of the legal malpractice claim, and a review of the record supports Haas' contention that George did not file a motion for summary judgment on the DTPA claims. It is error for a trial court to grant more relief in a summary judgment than a party was entitled to. *Lehmann,* 39 S.W.3d at 200. We therefore sustain Haas' fourth point of error, but only as to the DTPA claims.

In her first point of error, Haas contends the trial court erred in granting George's motion for summary judgment on her claims for legal malpractice. In answer to those claims, George asserted they are barred by the "applicable statute of limitations." Haas responded by pleading the discovery rule and fraudulent conceal-

---

The language of the judgment in this case purports to make it final:

It is, therefore, ORDERED, ADJUDGED and DECREED that Defendant SAMUEL M. GEORGE'S Motion for Summary Judgment is in all things GRANTED and that Plaintiff take nothing against Defendant SAMUEL M. GEORGE; and that Defendant SAMUEL M. GEORGE recover all costs, in his behalf expended, of and from Plaintiff for which let execution issue if not timely paid.

All relief requested and not expressly granted is denied.

It is the intent of the Court that this order serve as its final judgment from which the appellate deadlines commence.

It is clear from this language the trial court intended this to be a final judgment as to all claims and all parties. Therefore, this Court has jurisdiction over this appeal.

ment as affirmative defenses. George's motion for summary judgment, filed pursuant to TEX.R. CIV. P. 166a(i), alleged that any injury to Haas occurred in August 1990 when she and Hughey entered into the agreement incident to divorce and there is no evidence to show the discovery rule or fraudulent concealment apply.

■ Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.). Therefore, our task as an appellate court is to ascertain whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson*, 979 S.W.2d at 70–71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

■ The Texas Supreme Court has held that a cause of action for legal malpractice is in the nature of a tort and is therefore governed by the two-year limitations statute. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988); *First Nat'l Bank v. Levine*, 721 S.W.2d 287 (Tex. 1986); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2002); *Apex Towing Co. v. Tolin*, 41 S.W.3d 118,

120 (Tex.2001). Limitations generally begin to run when the cause of action accrues, which means when facts have come into existence that authorize a claimant to seek a judicial remedy. *Apex*, 41 S.W.3d at 120; *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex.1998); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990). The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990); *Guillot v. Smith*, 998 S.W.2d 630, 632 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

Hughey and Haas signed an agreement incident to divorce in August 1990, which divided the community estate and provided for child support. This agreement was later incorporated into the divorce decree rendered February 14, 1991. Haas' contentions for malpractice focus on George's actions before the signing of the agreement. She contends he failed to conduct proper and adequate discovery; failed to investigate the true nature and extent of the community estate; failed to investigate Hughey's income potential; failed to retain or consult with competent independent appraisers or other experts in relation to the value of the community estate; advised her to accept the settlement set forth in the agreement; and failed to notify her of a settlement offer, all pursuant to the signing of the agreement incident to divorce. She contends these actions resulted in her receiving a disproportionate share of the community estate and less child support than she might otherwise have received. Haas' alleged injury occurred as a result of her entering into the agreement incident to divorce on or about August 29, 1990.

■ Because the trial court did not specify the grounds on which it granted the motion for summary judgment, we may affirm on any meritorious ground pre-

sented to the trial court. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, as here, an appellant must negate all grounds on appeal. *Lewis v. Adams,* 979 S.W.2d 831, 833 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *see S.S.,* 858 S.W.2d at 381. If the appellant fails to negate each ground on which the judgment may have been granted, the appellate court must uphold the summary judgment. *Lewis,* 979 S.W.2d at 833; *see S.S.,* 858 S.W.2d at 381.

■■■■ The discovery rule exception defers the accrual of a cause of action until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the facts giving rise to the cause of action. *Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 262 (Tex. 1994); *Moreno,* 787 S.W.2d at 351. The discovery rule therefore delays the commencement of the limitations period when the nature of the injury is inherently undiscoverable and evidence of the injury is objectively verifiable. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex.1996); *Tanglewood Terrace, Ltd. v. City of Texarkana,* 996 S.W.2d 330, 337 (Tex.App.-Texarkana 1999, no pet.). These two elements of inherent undiscoverability and objective verifiability balance these conflicting policies in statutes of limitations: the benefits of precluding stale claims versus the risks of precluding meritorious claims that happen to fall outside an arbitrarily set period. *S.V. v. R.V.,* 933 S.W.2d 1, 6 (Tex.1996). An injury is inherently undiscoverable if it is the type of injury that is not generally discoverable by the exercise of reasonable diligence. *See HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 886 (Tex.1998), *citing Altai,* 918

S.W.2d at 455. In order for an injury to be inherently undiscoverable, the injury need not be absolutely impossible to discover. *S.V.,* 933 S.W.2d at 7. The discovery of a particular injury depends on the circumstances of the injury and the plaintiff's diligence.

■■■■ In *Willis,* the Texas Supreme Court extended the discovery rule to legal malpractice actions based in part on the special relationship between attorney and client, and on the difficulty posed for a client in determining whether or when malpractice may have occurred. *Willis,* 760 S.W.2d at 645. The discovery rule applies to legal malpractice cases, so that in such cases, limitations does not begin to run until the client discovers, or should have discovered through the exercise of reasonable care and diligence, the facts establishing the elements of a cause of action. *Id.*

■■■■ An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence. *S.V.,* 933 S.W.2d at 7; *Altai,* 918 S.W.2d at 456. A fiduciary's misconduct is inherently undiscoverable. *Willis,* 760 S.W.2d at 645. The reason underlying this decision is that a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so. *S.V.,* 933 S.W.2d at 8; *Willis,* 760 S.W.2d at 645 ("Facts which might ordinarily require investigation likely may not excite suspicion where a fiduciary relationship is involved."). In this legal malpractice case, Haas established a scintilla of evidence that she did not discover the legal injury until 1997. Because this is a fiduciary relationship, and an attorney has a duty to notify the client of settlement offers, Tex. Disciplinary R. Prof'l Conduct 1.02(a)(2), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon

1998) (TEX. STATE BAR R. art. X, § 9), we find this is the type of injury that is inherently undiscoverable. There is evidence that Haas was not present during the settlement negotiations and that her attorney failed to tell her of a settlement offer. It is highly unlikely she would know to question his advice or ask if any other offers were made. Therefore, this is some evidence the injury was inherently undiscoverable.

■■■■■ We must now determine if Haas established sufficient evidence in support of the second prong of the discovery rule, that the injury was objectively verifiable. "A person suffers legal injury from faulty professional advice when the advice is taken." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex.1997). Haas' affidavit in response to George's motion for summary judgment sets forth some proof she suffered an injury as a result of faulty legal advice. That affidavit states that she received a disproportionate share of the community estate because George failed to inform her of a settlement offer and that she relied on his advice that the settlement agreement was the best she could get. Injury resulting from faulty legal advice is objectively verifiable. *Murphy*, 964 S.W.2d at 271. This is some evidence on an objectively verifiable injury. We find the trial court erred in granting summary judgment on the ground the discovery rule is inapplicable.

■■■■■ Fraudulent concealment is an affirmative defense to the statute of limitations. *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex.1977). Fraudulent concealment is an equitable doctrine that estops a defendant who concealed his wrongful conduct from asserting the statute of limitations. *See Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983). To establish fraudulent concealment, a plaintiff must show (1) the existence of the underlying tort, (2) the

defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, and (4) the plaintiff's reasonable reliance on the deception. *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 584 (Tex.App.-Dallas 1991, writ denied). Because George moved for a no-evidence summary judgment regarding fraudulent concealment, the burden shifted to Haas to bring forth a scintilla of evidence as to each of the elements of fraudulent concealment. *See Jackson*, 979 S.W.2d at 70–71.

■■■■■ George's no-evidence motion for summary judgment contended there was no evidence as to (1) the existence of an underlying tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, or (4) the plaintiff's reasonable reliance on the alleged deception. Haas' affidavit stating that George failed to disclose a settlement offer and that he misrepresented the nature of the child support and alimony is some evidence of the existence of an underlying tort. *See Ranger County Mut. Ins. Co. v. Guin*, 723 S.W.2d 656, 660 (Tex.1987) (attorney's failure to take offer to client would support finding of negligence). Attorneys owe their clients a fiduciary duty, and as a fiduciary an attorney is obligated to render a full and fair disclosure of facts material to the client's representation. *Willis*, 760 S.W.2d at 645. A breach of a duty to disclose is tantamount to concealment. *Id.* Failure to disclose in such situations constitutes fraudulent concealment which will prevent the wrongdoer from perpetrating further fraud by using limitations as a shield. *Borderlon*, 661 S.W.2d at 908 (holding physician owed duty to patient to disclose negligent act or fact that an injury occurred, and failure to disclose constitutes fraudulent concealment). Haas set forth some evidence of fraudulent concealment, and the trial court erred in concluding otherwise.

Having determined the trial court erred in granting summary judgment on Haas' claims for legal malpractice, we need not address her second point concerning whether the trial court erred when it permitted George to file "supplemental papers" in support of his motion for summary judgment.

■ In her third point, Haas contends the trial court failed to consider that the injury resulting from her alleged conversion of money claim occurred less than two years before her original petition was filed and thereby erred in granting George's motion for summary judgment on this claim. Haas has inadequately briefed this point. Tex.R.App. P. 38.1(h) provides that an appellate brief "must contain a clear and concise argument for the contention made, with appropriate citations to authorities and to the record." The entirety of Haas' contentions under this point is as follows:

> The trial judge signed a pro forma order granting the motion for summary judgment and otherwise did not explain the basis for her decision. (*Id.* at 334). The same rules apply to this cause of action as to the others, so that if Plaintiff has presented any credible evidence demonstrating a triable fact, then the motion should be denied and this judgment reversed.
>
> Plaintiff's affidavit sets forth the detail about how her lawyer converted money awarded by the Court by compromising his fees with Mr. Hughey and not repaying her. (CR vol. 3, p. 203). As far as the statute of limitations is concerned, it should be noted that the events leading up to the conversion and the accrual of her right to sue Defendant on this count all occurred well within the limitations period. (*Id.*).

As such, Haas' brief wholly fails to cite any law pertaining to the subject of conversion or the statute of limitations for conversion. It is also wholly inadequate in its citation to the record and fails to provide a clear and concise argument concerning how the facts of her case relate to the requirements of a claim for the conversion of money. By failing to properly brief this issue, Haas has waived this point on appeal.

■ Further, George moved for summary judgment on the conversion claim, citing three grounds. This was a traditional motion for summary judgment stating that, as a matter of law, Haas' claim for conversion of money fails. George also filed a no-evidence motion for summary judgment, contending there is no evidence to support the elements required for conversion of money. Finally, George filed a traditional motion for summary judgment, contending as a matter of law Haas' claim does not exist because he repaid the money. George did not move for summary judgment on the conversion claim based on a theory of statute of limitations.

Because the trial court did not specify the grounds on which it granted the motion for summary judgment, we may affirm on any meritorious ground presented to the trial court. *S.S.*, 858 S.W.2d at 380. When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, as here, the appellant must negate all grounds on appeal. *Lewis*, 979 S.W.2d at 833; *see S.S.*, 858 S.W.2d at 381. If the appellant fails to negate each ground on which the judgment may have been granted, the appellate court must uphold the summary judgment. *Lewis*, 979 S.W.2d at 833; *see S.S.*, 858 S.W.2d at 381. Because Haas failed to attack any ground on which George moved for summary judgment on the conversion claim, even if she had properly briefed the

issue, we would affirm the trial court's judgment.

In her final point of error, Haas contends the trial court abused its discretion when it denied her motion to order the production and preservation of evidence in the possession of the Potter law firm. The Potter law firm is not a party to this suit.

■ The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

■ After the trial court granted George's motion for summary judgment, Haas filed a post-judgment motion with the trial court to require the Potter law firm, Hughey's former employer, to produce and preserve documents regarding Hughey's compensation during the marriage. Haas failed to provide this Court or the trial court with any authority authorizing a trial court to order the production or preservation of evidence in the hands of a nonparty.

Haas directs this Court to one case, *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308 (Tex.2000). This case holds that a timely-filed post-judgment motion for sanctions qualifies as a motion to modify under Tex.R. Civ. P. 329b, thereby extending the plenary jurisdiction and appellate timetables. *Lane Bank Equip. Co.*, 10 S.W.3d at 314. Whether this motion was timely filed or extended the plenary jurisdiction of the trial court is not the issue presented by Haas. Her contention is the trial court abused its discretion by not granting the motion for production or preservation.

■ Generally, a trial judge has control over only those parties properly before the court. In considering Haas' post-judgment motion, we find it helpful to refer to the discovery rules governing nonparties. Tex.R. Civ. P. 205 governs discovery from nonparties. Rule 205.1 limits the orders the court may grant in relation to discovery from nonparties. A party may obtain discovery from a nonparty only by obtaining a court order under Tex.R. Civ. P. 196.7, 202, or 204, or by serving a subpoena. Tex.R. Civ. P. 205.1; *In re Guzman*, 19 S.W.3d 522, 524 (Tex.App.-Corpus Christi 2000, orig. proceeding). Rule 196.7 relates to a request or motion for entry upon property. Rule 202 governs the taking of depositions in anticipation of a suit or to investigate claims. Rule 204 governs mental or physical examinations. None of these situations are applicable in this case.

■ Though the court has the power and duty to control the discovery process, it may only do so within the confines of the Rules of Civil Procedure. *Guzman*, 19 S.W.3d at 525. Haas has not directed this Court to any statute, caselaw, or rule allowing the trial court to compel production or preservation of documents from a nonparty. Because we find no rule or caselaw giving the trial court power to grant the relief sought in Haas' motion, we cannot say the trial court abused its discretion by failing to act without reference to any guiding rules or principles. *See Downer*, 701 S.W.2d at 241–42.

We reverse and remand Haas' claims for legal malpractice and DTPA claims. We affirm the trial court's granting of summary judgment on the conversion of money claim and the trial court's denial of the

motion to order the production and preservation of evidence.