In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-331 CV


____________________



ROBERT A. MAGOON, Appellant



V.



CHERYL SAVAGE, JEFFREY POPE, BETH LORD, STEVEN PENRY,


PATRICK JORDAN, TERRY LOTT, BRYAN ROBERTSON, 


CHAD MCGRAW, and TIMOTHY WEST, Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-155,928






O P I N I O N


 This appeal arises from a suit filed by Robert A. Magoon, an inmate of the Texas
Department of Criminal Justice, Institutional Division, against Cheryl Savage, Jeffrey
Pope, Beth Lord, Steven Penry, Patrick Jordan, Terry Lott, Bryan Robertson, Chad
McGraw, and Timothy West for alleged violation of his constitutional right to be free from
cruel and unusual punishment. See U.S. Const. amend. VIII. The jury found Magoon's
constitutional right had not been violated and that the use of force was objectively
reasonable in light of the facts and circumstances confronting the defendants. In
accordance with the jury's findings, the trial court entered a take-nothing judgment in favor
of defendants and dismissed Magoon's cause with prejudice. Magoon appeals pro se
raising eight issues.

 Magoon first claims he was denied effective assistance of counsel. The Sixth
Amendment right to effective assistance of counsel has not been extended to civil actions. 
See Stokes v. Puckett, 972 S.W.2d 921, 927 (Tex. App.--Beaumont 1998, pet. denied). 
Magoon's first issue is overruled.

 Issue two complains of statements made by defense counsel during closing
argument. No objection was made to three of the complained-of remarks. Argument error
must be preserved by proper trial predicate, such as an objection, a motion to instruct, or
a motion for mistrial. Standard Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839 (Tex. 1979). 
Any error as to these remarks has therefore been waived. See Tex. R. App. P. 33.1(a).

 Plaintiff's counsel objected to the fourth remark. Once error has been preserved,
the complainant has the further burden to prove that the argument constituted reversibly
harmful error. "[T]he complainant must show that the probability that the improper
argument caused harm is greater than the probability that the verdict was grounded on the
proper proceedings and evidence." See Reese, 584 S.W.2d at 840. Magoon's entire
argument in support of this issue is "had these remarks not been made, the outcome
would've been different." By failing to properly brief this issue, Magoon has waived this
point on appeal. See Haas v. George, 71 S.W.3d 904, 914 (Tex. App.--Texarkana 2002,
no pet.); and Keever v. Finlan, 988 S.W.2d 300, 314 (Tex. App.--Dallas 1999, pet.
dism'd) (op. on reh'g). See also Tex. R. App. P. 38.1(h). Issue two is overruled.

 In his third issue, Magoon contends the trial court erred in failing to admit a video-taped deposition into evidence. The record reflects no offer of proof concerning the
excluded evidence was made. See Tex. R. Evid. 103. In the absence of such an offer,
we have no basis for reviewing a complaint that a trial court erred in excluding evidence. 
See Perez v. Lopez, 74 S.W.3d 60, 66 (Tex. App.--El Paso 2002, no pet.); and Fletcher
v. Minnesota Min. and Mfg. Co., 57 S.W.3d 602, 606-07 (Tex. App.--Houston [1st Dist.]
2001, pet. denied). Issue three is overruled.

 Issue four argues the trial court abused its discretion in admitting evidence of his
conviction. Evidence that the witness has been convicted of a felony or a crime of moral
turpitude is admissible to attack the credibility of the witness. See Tex. R. Evid. 609 (a). 
Although it is not clear, the record indicates Magoon's conviction was for aggravated
robbery, a felony, and no argument is made to the contrary. See Tex. Pen. Code Ann.
§ 29.03 (Vernon Supp. 2002). The record does not reflect, nor does Magoon contend,
more than ten years had elapsed since the date of the conviction. See Tex. R. Evid. 609
(b). Accordingly, Magoon has not demonstrated the evidence was inadmissible. (1) Issue
four is overruled.

 Issue five claims the trial court erred in failing "to alter or amend the jury verdict
after trial in light of the fact of the evidence being most favorable to appellant." Issue six
questions "whether or not the jury's verdict is supported by the facts and evidence
submitted at trial." We construe these issues as challenges to the factual sufficiency of the
evidence to support the jury's verdict. Having failed to raise factual sufficiency in a
motion for new trial, Magoon did not preserve his complaints and they are waived. See
Cecil v. Smith, 804 S.W.2d 509, 510-511 (Tex. 1991); and Hawthorne v. Guenther, 917
S.W.2d 924, 937 (Tex. App.--Beaumont 1996, writ denied). Issues five and six are
overruled.

 Issue seven claims the trial court erred in failing to admit five exhibits into
evidence. The only references to the record demonstrates plaintiff's counsel attempted to
enter into evidence one of the exhibits. We have no basis for reviewing Magoon's
complaint the trial court erred in excluding the exhibit because no offer of proof was made
concerning that exhibit. See Tex. R. Evid. 103. See also Perez, 74 S.W.3d at 66. No
reference is made to the record where the other exhibits were offered for admission. We
are not required to search the record without guidance to determine the validity of a claim
of reversible error. See Casteel- Diebolt v. Diebolt, 912 S.W.2d 302, 305 (Tex. App.--Houston [14th Dist.] 1995, no writ). In order to present a complaint for appellate review,
the record must show a request, objection, or motion was made and ruled upon by the trial
court. See Tex. R. App. P. 33.1(a). Issue seven in overruled.

 Magoon's final issue claims the trial court abused its discretion in granting a
directed verdict "prematurely" in favor of Cheryl Savage. Magoon complains his counsel
did not have the opportunity to call Savage to the stand before the directed verdict was
granted in her favor. The record reflects defense counsel moved for the directed verdict,
and it was granted, after plaintiff rested his case. Magoon's complaint is therefore without
merit. Issue eight is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on November 13, 2002

Opinion Delivered November 21, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. No argument is made on appeal, nor was it made below, that the evidence was
more prejudicial than probative.