Affirmed and Memorandum Opinion filed November 7, 2006








Affirmed and Memorandum Opinion filed November 7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01138-CV

_______________

 

GEORGE M. BISHOP, Appellant

 

V.

 

JOHN J. KING, Appellee

                                                                                                                                          
     

On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 04-42128

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

In one
issue, appellant, George M. Bishop, appeals a summary judgment in favor of
appellee, John J. King.  Because all dispositive issues are clearly settled in
law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

Background 








This
suit arises out of Bishop=s withdrawal from the law partnership of Sullivan, Bailey,
King, Bishop & Sabom in 1982.  As a part of the withdrawal, Bishop entered
into an agreement, dated May 6, 1983, with the successor partnership, assigning
his partnership interest in the firm.  The agreement further provided that
Bishop would be compensated later for contingency cases that were not yet
settled, including the Vina Darko case.  Bishop alleges that without his
knowledge or consent, King established two trust accounts containing funds owed
to Bishop due to his withdrawal from the partnership.  Bishop alleges the
trusts were created in 1983 at University Savings Association and in 1991 at
Nations Bank.  In December 1999, King responded to a letter from Bishop
explaining that he had opened the University Savings Association account in
1983 when Bishop failed to execute documents releasing the law firm in exchange
for the funds and since then, the University Savings Association had closed. 
King also explained that he was not responsible for the funds since Bishop had
failed to execute the documents releasing the funds.  At or around this same
time, Bishop allegedly learned from an I.R.S. agent, and verbally from King, of
another trust set up at Nations Bank in 1991.  Upon learning of the trusts in
1999, Bishop did not assert any claims against King or his other former law
partners.  Instead, according to his petition, he Aelected to continue the trust for the
time being as a result of other more pressing matters.@  On October 2, 2002, Bishop sent a
letter to King terminating the trust with the funds from Bishop=s interest in the partnership and
requesting his share of the funds from the 1991 Darko settlement.  When King
did not forward the funds, Bishop filed this suit.   

Discussion








In his
petition, Bishop sued King asserting claims for (1) breach of trust for
refusing to distribute proceeds of the alleged trusts established in favor of
Bishop, (2) negligence in that King as trustee did not prudently invest the
funds or provide an accounting, (3) conversion  arguing King did not give
Bishop the funds upon request, (4) accounting of the former partnership=s receipts under the Texas Uniform
Partnership Act, (5) declaratory judgment of his rights under the Texas
Declaratory Judgment Act, (6) breach of contract for taking funds owed to
Bishop under the May 6, 1983, contract, and (7) attorney=s fees under the Texas Civil Practice
and Remedies Code.  King filed both a traditional motion for summary judgment
under Texas Rule of Civil Procedure 166a(c) and a no-evidence motion for
summary judgment under Texas Rule of Civil Procedure 166a(i).  Both motions
address all of Bishop=s claims.  

The
trial court granted King=s motion for summary judgment.  However, the trial court did not
specify the grounds or designate which motion for summary judgment was
granted.   When a movant asserts multiple grounds for summary judgment and the
trial court does not specify the ground on which summary judgment was granted,
the appellant must attack all grounds on appeal.  See State Farm Fire &
Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex. 1993); Haas v. George,
71 S.W.3d 904, 912 (Tex. App.CTexarkana 2002, no pet.); Lewis v. Adams, 979 S.W.2d
831, 833 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  If an appellant fails
to attack each ground upon which the summary judgment may have been granted, we
must uphold the summary judgment.  See State Farm Fire & Cas. Co.,
858 S.W.2d at 381; Haas, 71 S.W.3d at 912; Lewis, 979 S.W.2d at
833; see also Fields v. City of Texas City, 864 S.W.2d 66, 68 (Tex. App.CHouston [14th Dist.] 1993, writ
denied) (ABecause summary judgment may have been granted on a ground not challenged
on appeal, i.e., consent, we may affirm the summary judgment on that basis
alone.@).  Therefore, on appeal Bishop must
attack all the grounds on which the trial court could have granted summary
judgment.  

In his
sole issue, Bishop contends that King did not establish his right to a summary
judgment.  In his sub-issues, he asserts that (1) the trial court erred in
rendering summary judgment based on affirmative defenses of statute of
limitations or laches, (2) the trial court erred in entering summary judgment
on his breach of trust claim as limitations ran from the termination of the
trust and not from the date of discovery, (3) King had the burden of proof on
the affirmative defense of limitations and failed to prove this defense
conclusively, and (4) the affirmative defense of laches does not apply because
King failed to prove it or show exceptional circumstances.   








Bishop
addresses only King=s grounds for traditional motion for summary judgment based
on statute of limitations and doctrine of laches.  However, with respect to
each of Bishop=s claims, except the claim for an accounting, King moved for traditional
summary judgment on one or more grounds in addition to statute of limitations
and laches.  Therefore, we may uphold the traditional motion for summary
judgment with respect to all the claims, except the claim for an accounting,
for the sole reason that Bishop did not attack all the grounds on which the
trial court could have granted summary judgment.  See State Farm Fire
& Cas. Co., 858 S.W.2d at 381; Haas, 71 S.W.3d at 912; Lewis,
979 S.W.2d at 833.  

Furthermore,
Bishop failed to address King=s no-evidence motion for summary judgment on all the claims. 
Therefore, we must uphold the no-evidence motion for summary judgment on all
the claims.  See State Farm Fire & Cas. Co., 858 S.W.2d at
381; Haas, 71 S.W.3d at 912; Lewis, 979 S.W.2d at 833.  We
overrule Bishop=s sole issue.  

Accordingly,
the judgment of the trial court is affirmed. 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed November 7, 2006.

Panel consists of Chief Justice
Hedges and Justices Seymore and Mirabal.[1]

 

 









[1]  Senior Justice Margaret Garner Mirabal sitting by
assignment.