Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed December 12, 2006








Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed
December 12, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00895-CV

____________

 

IN RE JAMES PRINCE, JR., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M    O P I N I O N

This
case involves a Texas court=s power to order an out-of-state deposition of a non-party
witness in a California divorce proceeding.  We hold that the trial court did
not have the power to order a non-party witness to appear other than as
specified by the Texas Rules of Civil Procedure and that the trial court=s order requiring production of
documents was overly broad.   Accordingly, we conditionally grant the writ of
mandamus.

                                                             I.  Background  








Real
Party Michael Harris demanded the deposition of Relator James Prince, a/k/a ALil= J@ for Rap-a-Lot Records, alleging that
Prince has two sorts of information relevant to determining the assets of
Harris=s marital estate for the purposes of
the division of property: (1) information about Prince=s business dealings with ASuge@ Knight, a person from whom the
Harris estate obtained a $107 million dollar judgment, but who has filed for
bankruptcy in California; and (2) information about Prince=s relationship with Harris himself,
because Harris claims to be entitled to some interest in Rap-a-Lot Records.

Because
Prince resides in Houston, the California court in which the divorce proceeding
is pending did not have the power to issue a subpoena to compel Prince to
appear for a deposition.  On September 16, 2005, the California court
accordingly issued a commission requesting a Harris County court to issue a
subpoena for the production of documents and for Prince=s appearance for an oral deposition. 
The commission was filed in Harris County on September 19, 2005, and a subpoena
issued the following day.  Prince was not served, however, until nearly seven
months later, on April 8, 2006, when he was located in Las Vegas at a boxing
match.

Prince=s deposition was scheduled for April
20, 2006.  On April 19, 2006, Prince moved to quash and for protection. 
Presumably because he failed to file a motion to quash within three days of
service, Prince appeared for the deposition notwithstanding his objection to it. 
Prince did not produce any of the documents that had been subpoenaed.  In
addition, although his counsel permitted him to answer many questions about
Rap-a-Lot records in general and about Prince=s relationship with Harris, counsel
instructed Prince not to answer questions concerning any business relationship
with Knight.








Harris
moved to compel production and to compel the continued deposition of Prince.
The trial court heard both motions on August 25, 2006.  On September 19, 2006,
the court granted the motion to compel, ordering Prince to re-appear for
deposition and to produce responsive documents.  Prince moved for modification
of this order, claiming that it required him to produce more documents than
were encompassed by the subpoena.  Harris also moved for Areconsideration,@ basically reiterating the arguments
made in his motion to compel.  On reconsideration, after further hearing, the
trial court again ruled for Harris, entering an order that Prince appear for a
continued deposition on October 12, 2006 in California, and that Prince Aproduce documents relating to the
assets of Michael Harris or Lydia Harris, including but not limited to the
assets of Rap-a-Lot Records.@

Prince
petitioned this court for a writ of mandamus and an emergency stay on October
11.  This court granted the stay and called for a response.  Prince has since
filed an amended petition for mandamus and Harris has filed an amended
response.  Additionally, Harris has filed a AMotion to Compel Service and Costs,@ claiming that Prince has not
properly served him as required by the Texas Rules of Appellate Procedure.

                                                                   II. 
Analysis

The two
complaints that Prince raises about the court=s orderCthe improper place for deposition and
the breadth of the production orderCmay each be challenged by mandamus. 

An order
for discovery that is contrary to the Texas Rules is typically reviewable by
mandamus.  See Wal‑Mart Stores, Inc. v. Street, 754 S.W.2d
153, 155 (Tex. 1988) (granting mandamus to overrule location of deposition of
Sam Walton).  Following Street, courts routinely permit mandamus review
of cases alleging an improper location for a deposition. See, e.g., Grass v.
Golden, 153 S.W.3d 659, 663 (Tex. App.CTyler 2004, orig. proceeding)
(issuing mandamus where record contained no evidence that place of deposition
was convenient for witness); In re Rogers, 43 S.W.3d 20 (Tex. App.CAmarillo 2001, orig. proceeding)
(issuing mandamus regarding the proper place for witness depositions).








In
addition, a party may seek relief from overly broad discovery via a petition for
mandamus.  See In re American Optical, 988 S.W.2d 711, 713 (Tex. 1998) (AAn order compelling discovery that is
well outside the proper bounds is reviewable by mandamus.@). The scope of discovery is largely
within the discretion of the trial court.  Dillard Dep=t Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). 
However, the trial court abuses its discretion by ordering discovery that
exceeds that permitted by the rules of procedure.  Texaco, Inc. v. Sanderson,
898 S.W.2d 813, 815 (Tex. 1995).  

There is
no adequate appellate remedy in this case.  Because Prince is not a party to
the lawsuit, he has no right to appeal, and therefore no adequate appellate
remedy.  See City of Houston v. Chambers, 899 S.W.2d 306, 308 (Tex. App.CHouston [14th Dist.] 1995, orig.
proceeding) (because the city was not a party to the lawsuit, it Ahas no adequate remedy by appeal,
[and] mandamus may lie@).  

A.        An Improper Place for
Deposition

The
trial court=s order that the deposition of Prince, a non-party, occur in California
is contrary to the express language of the Texas Rules.  See Tex. R. Civ. P. 176.3(a)
(distinguishing between parties and non-parties with respect to compelling a
witness to appear for a deposition).  As relevant here, the Texas Rules of
Civil Procedure provide:

1.         The request for a deposition, even though originating from a
case pending in California, is governed by the Texas rules.  See Tex. R. Civ. P. 201.2  (AIf a court of record of any other state . . . issues a
. . . commission that requires a witness=s
oral or written deposition testimony in this State, the witness may be
compelled to appear and testify in the same manner and by the same process used
for taking testimony in a proceeding pending in this State.@).

2.         A subpoena is necessary to compel Prince=s attendance at the deposition, because he is not a
party to the proceeding.  Texas procedure provides that non-party witnesses may
be compelled to attend depositions only by subpoena.  See Tex. R. Civ. P. 205.1 (AA party may compel discovery from a nonpartyCthat is, a person who is not a party or subject to a
party=s controlConly
. . . by serving a subpoena compelling: (a) an oral deposition;@). 








3.         By contrast, parties or persons controlled by parties can be
compelled to attend a deposition via notice alone.  Tex. R. Civ. P. 199.3 (AIf
the witness is a party or is retained by, employed by, or otherwise subject to
the control of a party, however, service of the notice of oral deposition upon
the party=s attorney has the same effect as a subpoena served on
the witness.@).

4.         If a subpoena is necessary to compel attendance, it is
limited geographically to 150 miles from a person=s residence or the place of service.  See Tex. R. Civ. P. 176.3 (AA person may not be required by subpoena to appear or
produce documents or other things in a county that is more than 150 miles from
where the person resides or is served.@)

5.         Only parties or persons controlled by parties can be
required to appear at locations outside of the 150 mile radius.  See Tex. R. Civ. P. 176.3 (Aa person whose appearance or production at a
deposition may be compelled by notice alone . . . may be required to appear and
produce documents or other things at any location permitted under Rules
199.2(b)(2),@ e.g., at any Areasonable@ location).[1]

6.         If a non-party deponent
fails to appear for or answer questions during a deposition, a party may apply
for an order compelling discovery in the court of the district where the
deposition is proceeding.  Tex. R. Civ.
P. 215.1(a) & (b) (AAn application for an order to a deponent who is not a party
shall be made to the court in the district where the deposition is being taken.@).








These
rules provide the framework for a trial court=s interaction with non-party
witnesses.  Although Harris properly moved to compel Prince=s compliance with the subpoena and
document request in the Texas court, Harris asked forCand the Texas court grantedCmore relief than the rules permit. 
Presumably due to the inconvenience occasioned by Prince=s eleventh-hour motion to quash and
his refusal to answer questions and produce documents, Harris requested relief
that would minimize his own costs on his second attempt at Prince=s deposition.  He asked the trial
court to either order that the deposition occur in California, where the
original case is pending and Harris=s lawyer practices, or order that
Prince be required to pay Harris=s costs of travel to Houston for a
second deposition.  The trial court, amenable to this request, accordingly
ordered that the deposition go forward in Los Angeles and that Prince produce
documents that the court determined were relevant.

Harris
maintains that the trial court has the power to enter such an order because of
the trial court=s discretion to manage discovery, but Harris has no authority
for this proposition.  Instead, all of the cases that Harris cites upholding a
district court=s discretion over discovery matters have involved persons who clearly
were controlled by parties to litigation.[2] 
This distinction is significant.  








As the
above discussion makes clear, the Texas rules treat non-party witnesses
differently from witnesses subject to a party=s control.  See Tex. R. Civ. P. 176.3(a).  Rules 176.3
and 199.3 provide that only parties or witnesses who are Aretained by, employed by, or
otherwise subject to the control of a party@ may be compelled to attend a
deposition at any of the reasonable locations provided in Rule 199.2(b)(2),
specifically including Aany . . . convenient place directed by the court.@  See Tex. R. Civ. P. 176.3(a).  Other persons, by contrast, Amay not be required by subpoena to
appear or produce documents or other things in a county that is more than 150
miles from where the person resides or is served.@  See Tex. R. Civ. P. 176.3(a); see also Tex. R. Civ. P. 205.1.  Similarly,
the Texas rules provide different means for compelling discovery from parties
and non-parties, see Tex. R. Civ.
P. 215.1(a), and different sanctions for a party=s and a non-party=s failures to comply with discovery. 
See also Tex. R. Civ. P.
215.2 (distinguishing between parties and non-parties in authorizing sanctions
for non-compliance with discovery orders).  Only the sanctions that may be
imposed against a Adisobedient party@ reflect the trial court=s inherent authority to manage
discovery.  See id. (emphasis added).

Non-party
witnesses thus stand in a different position before the court than do parties
to the litigation, over whom it is clear that the court has both personal and
subject matter jurisdiction.  See Haas v. George,  71 S.W.3d 904,
915 (Tex. App.CTexarkana 2002, no pet.) (AGenerally, a trial judge has control
over only those parties properly before the court.@).  For this reason, a court=s power to impose sanctions on
non-parties is limited to its contempt power.  See Tex. R. Civ. P. 215.2(a) & (c)
(authorizing only sanction of contempt against non-parties); see also Jefa
Co., Inc. v. Mustang Tractor and Equipment Co., 868 S.W.2d 905, 908 (Tex.
App.CHouston [14th Dist.] 1994, writ
denied) (Aappropriate sanction for a nonparty=s noncompliance with discovery is
placing the nonparty in contempt of court@); Exoxemis, Inc. v. Seale,
No. 04-95-00673-CV, 1996 WL 471271, at *6 (Tex. App.CSan Antonio Aug. 21, 1996, no writ)
(trial court could not impose sanction on non-party because Athe trial court was powerless to
treat him as a party in the absence of proper jurisdiction over his person in
accordance with the mandatory rules relating to service of process@).  








Prince
is a non-party witness.  The trial court was called upon solely for the purpose
of issuing and enforcing a subpoena against Prince because he resided in
Houston, Texas.  Under these circumstances, the trial court did not have the
power to order Prince to appear for a deposition in California, contrary to the
Texas Rules.  Although this case does not involve the question of the trial
court=s power to enter sanctions per se,[3]
the limitation on the court=s power to impose sanctions on a non-party is nevertheless
instructive.  In light of Prince=s status as a non-party, we hold that
the trial court abused its discretion. 

B.        The Breadth of the
Discovery Order

The
trial court also abused its discretion by requiring Prince to produce a broader
category of documents than those encompassed by the subpoena.  The subpoena
required the production of AAny and all documents relating to Marion H. >Suge= Knight and Death Row Records, Inc.
aka [sic] Tha Row, Inc.@  The trial court=s second order, by contrast, requires
Prince to produce a much broader and less defined set of documents, ordering
production of Adocuments relating to the assets of Michael Harris or Lydia Harris,
including, but not limited to the assets of Rap-A-Lot Records.@  This order suffers from a lack of
clarity, but more importantly, we are aware of no legal basis for the trial
court to have ordered the production of a broader category of documents than
those identified in the subpoena.

Similar
to the procedure necessary for depositions, the Texas Rules of Civil Procedure
expressly require a subpoena for the production of documents from a non-party.[4] 
Rule 205.1 requires service of Aa subpoena compelling: . . . a request for
production of documents or tangible things . . . .@  Tex.
R. Civ. P. 205.1.  Rule 205.3 provides that A[a] party may compel production of
documents and tangible things from a non-party by serving . . . a subpoena
compelling production or inspection of documents or tangible things.@  Tex.
R. Civ. P. 205.3.








            Harris
has articulated no basis to support  the trial court=s order for the production of a
broader category of documents than that defined in the subpoena, and we have
found none.  To the contrary, at least one court has held that the Texas rules
do not permit a court to order a non-party to produce documents.  Haas,
71 S.W.3d at 916 (court has no power to compel production or preservation of
documents from a non-party); see also Sinclair v. Savings and Loan Comm=r of Texas, 696 S.W.2d 142, 149 (Tex. App.CDallas 1985, writ ref=d n.r.e.) (holding that trial court
erred in enlarging categories of documents sought by subpoena because such
enlargement was not supported by the pleadings).

The
necessity of the subpoena, enforceable by a court order and the threat of
contempt under Rule 215.2(c), again suggests that the trial court=s power with respect to non-parties
is circumscribed.  The trial court accordingly should have limited itself to
ordering compliance with the subpoena as drafted.

C.        Real Party=s Motion for Sanctions

In
addition to responding to Prince=s petition, Harris has also moved for
sanctions in this court, styling the motion as a AMotion to Compel Service and Costs.@  Harris argues that Prince has
attempted to Aharass@ Harris through improper service of the two petitions for mandamus, and
requests that this court compel proper service and award costs and attorney=s fees as a sanction. 

On the
facts of this case, we decline to sanction Prince or award Harris the costs or
attorney=s fees he incurred in responding to
this petition.  Of course, a party must comply with the appellate rules
requiring service.  See generally Tex.
R. App. P. 9.5.  However, we trust that all parties will do so in the
unlikely event that further proceedings in the appellate court are necessary. 
We accordingly deny Harris=s motion.       

PER
CURIAM

Writ of Mandamus Conditionally Granted and Memorandum Opinion
filed December 12, 2006.

Panel consists of Justices Fowler, Edelman, and Frost.










[1]Rule 199.2(b)(2) dictates reasonable locations for
depositions.  The locations include (1) the county of the witness=s residence; (2) the county where the witness is
employed or regularly transacts business in person; (3) the county of suit, if
the witness is a party . . .; (4) the county where the witness was served
with the subpoena . . .; and (5) Asubject
to the foregoing, at any other convenient place directed by the court in which
the cause is pending.@  Tex. R. Civ.
P. 199.2(b)(2). 





[2]The cases cited by real parties all involve
depositions of the parties themselves or of officers of the parties.  See,
e.g., Wal-Mart Stores, Inc. v. Street, 761 S.W.2d 587, 590 (Tex. App.CFt. Worth 1988, orig. proceeding) (no abuse of
discretion to order deposition of chairman of board and past president of
defendant, who was determined to be controlled by defendant, taken in county of
suit, rather than in deponent=s county of
residence, where deponent had failed to appear for earlier deposition set in
county of residence); First State Bank v. Chappell & Handy, P.C.,
729 S.W.2d 917, 922 (Tex. App.CCorpus Christi
1987, writ ref=d n.r.e.) (no abuse of discretion to order deposition
of defendant=s counsel and chairman of the board in place other
than county of residence as sanction for failure to attend previous
depositions); Kidd Pipeline & Specialties, Inc. v. Campagna, 712
S.W.2d 238, 242 (Tex. App.CHouston [14th
Dist.] 1986, writ ref=d n.r.e.) (no abuse of discretion to order former
president of plaintiff, who still had office at plaintiff=s office, to appear in courtroom for deposition).





[3]Although this case technically raises a question
concerning a court=s power to require a non-party to appear outside of
the geographical reach of a subpoena, it bears noting that the court=s order may fairly be characterized as the imposition
of a sanction.  Harris=s motion to compel included a request for sanctions
and requested that the deposition be ordered in Los Angeles or that the court
order Prince to pay Harris=s costs to
travel back to Houston.  The payment of costs is a traditional sanction that
Rule 215.3 authorizes a trial court to impose on Athe disobedient party.@  See Tex. R. Civ. P. 215.2(b)(2).

 





[4]Explaining the rules, the court stated in Haas,
that A[a] party may obtain discovery from a nonparty only by
obtaining a court order under Tex. R. Civ. P. 196.7, 202, or 204, or by serving
a subpoena [under] Tex. R. Civ. P. 205.1.  Rule 196.7 relates to a request or
motion for entry upon property. Rule 202 governs the taking of depositions in
anticipation of a suit or to investigate claims. Rule 204 governs mental or
physical examinations.  None of these situations are applicable in this case
[where a party requested documents].@ 
71 S.W.3d at 915 (citations omitted).