

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00069-CV

IN RE LANDSTAR RANGER, INC.

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# O P I N I O N

On July 30, 2021, Relator Landstar Ranger, Inc., filed a petition for a writ of mandamus complaining of the trial court's July 22, 2021, discovery order permitting the real party in interest to take certain depositions of six individuals it claimed to be fact witnesses. We deny the petition.

## I.     Factual and Procedural Background

On February 21, 2016, Douglas Allred was operating a Kenworth truck owned by Landstar Ranger, Inc., transporting oversized cargo for Landstar from El Paso to Texarkana, Texas. Two escort vehicles accompanied the Kenworth transporting the cargo. As alleged in the lawsuit from which this petition emanates, as the transport caravan approached a narrow bridge on U.S. Highway 271, Toni Combest was approaching the same bridge from the opposite direction in a 2001 Buick LeSabre. Also, as alleged in the lawsuit, as Allred traveled over the bridge, he moved the Kenworth truck into the northbound lane of traffic, when moments later, Combest entered the bridge within the same lane. Combest was killed in the ensuing collision. Combest's estate and survivors filed a wrongful death lawsuit against Landstar and others.

On July 30, 2021, Landstar filed a petition for a writ of mandamus together with an emergency motion asking to stay the noticed depositions. We denied that petition and motion because the mandamus record was not sworn and the petition was not authenticated. Landstar filed a second petition for a writ of mandamus that is currently before the Court. In that petition, Landstar seeks a writ of mandamus directing the trial court to vacate its July 22, 2021, order.

## II. Standard of Review

"Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).

"Generally, the scope of discovery is within the trial court's discretion." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam) (citing *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995) (per curiam)). Even so, "the trial court must make an effort to impose reasonable discovery limits." *Id.* (citing *In re Am. Optical*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding)). Although "the court has the power and duty to control the discovery process, it may only do so within the confines of the Rules of Civil Procedure." *Haas v. George*, 71 S.W.3d 904, 915 (Tex. App.—Texarkana 2002, no pet.). Consequently, "[t]he trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure." *In re CSX Corp.*, 124 S.W.3d at 152 (citing *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam)).

## III. Conclusion

The Court, having examined and fully considered the petition for a writ of mandamus, the response,[1] the reply, and the applicable law, is of the opinion that the mandamus petition should

---

[1]The real parties in interest filed a supplemental mandamus record. We do not consider that supplemental record because the information it includes was not before the trial court. *See In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding) (declining to consider portion of the mandamus record not before the trial court when its decision was made) (citing *Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961)); *In re Christus Santa Rosa Healthcare Corp.*, 617 S.W.3d 586, 589 n.2 (Tex. App.—San Antonio 2020, orig. proceeding) (declining to consider any portion of deposition that was not before the trial court).

be denied. Accordingly, we lift the stay previously imposed in this case, *see* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."), and deny the petition.

Scott E. Stevens
Justice

Date Submitted:     August 13, 2021
Date Decided:       August 16, 2021