Chris **LEWIS** & Virginia Lewis, Appellant,

v.

Kelvin **ADAMS,** Appellee.

No. 14–97–00881–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1998.

Thomas C. Hall, San Antonio, for appellant.

Mance Michael Park, Huntsville, Roy D. Brantley, Bryan, for appellee.

Before Justices AMIDEI, FOWLER and CANNON.[1]

## OPINION

BILL CANNON, Senior Justice (Assigned).

Appellants appeal a summary judgment granted in favor of appellee. In one point of error, appellants contend that the trial court erred in granting summary judgment for appellee because (1) the changes in the contract were not "material," (2) the Statute of Frauds does not render the contract unenforceable, and (3) a fact question exists regarding appellants' argument that appellee is estopped from denying the enforceability of the contract. We affirm.

On November 1, 1993, appellee sent appellants a signed offer to sell the surface estate and half the mineral estate in a 168.32 acre tract. The offer described the tract as "168.32 acres, Wm. Holland Survey, A–30," located in Grimes County, Texas. The offer noted that "1/2" of the minerals were outstanding in third parties and appellee would retain "none." It also provided that appellants would accept the property in its present condition, and would obtain third party financing within 30 days of the effective date of the offer, or by December 1, 1993. Otherwise, the offer would automatically terminate.

Upon receipt of the offer, appellants struck the language reserving "1/2" of the minerals outstanding in third parties and replaced it with "100% of the minerals Held By Seller" and added "100% of surface control." Appellants also added a special provision providing for the removal of a pile of building debris prior to closing. Appellants initialed each change, signed the offer, and mailed it back to appellee after December 1, 1993. Appellee received the revised copy on December 3; he did not resign it or initial any changes.

On November 9, 1994, appellants sued appellee for breach of contract to sell real property, based on appellee's offer as revised by appellants' handwritten changes. Appellee moved for summary judgment. On July 15, 1997, the trial court signed a final judgment in favor of appellee. This appeal challenges that summary judgment.

## NEGATING ALL GROUNDS

▮ Prior to discussing the merits of this appeal, we will discuss an alternative reason for affirming the summary judgment. The summary judgment entered by the trial court did not state the specific grounds upon which the summary judgment was granted. When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, as here, appellants must negate all grounds on appeal. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 381 (Tex. 1993); *Evans v. First Nat. Bank of Bellville,* 946 S.W.2d 367, 377 (Tex.App.—Houston [14 th Dist.] 1997, writ denied). If the appellant fails to negate each ground upon which the judgment may have been granted, the appellate court must uphold the summary judgment. *See id.*

▮ In their brief, appellants fail to negate each ground upon which the summary judgment may have been granted. Specifically, appellee contended in his motion for summary judgment that the alleged contract was not enforceable under the statute of frauds because it was too uncertain and indefinite to support a breach of contract claim. Appellants do not contend in their appellate brief that this ground is insufficient to support the summary judgment.

Accordingly, this court must affirm. However, even though we could affirm the judgment without addressing appellants' points of error, we choose to do so in the ·interest of justice.

## ALLEGED ERROR IN GRANTING SUMMARY JUDGMENT

In one point of error, appellants contend the trial court erred in granting summary judgment in favor of appellee for the following reasons.

*Sub–Point 1: Material Alterations*

In his motion for summary judgment, appellee set forth three changes made by the

1. Senior Justice Bill Cannon sitting by assignment.

appellants that constituted material alterations to his tendered offer, arguing that appellants rejected his offer and made a counteroffer. Appellee contends he never accepted this counteroffer, and thus, no contract existed upon which appellants can base their breach of contract claim.

■ It is elementary that an acceptance must not change or qualify the terms of an offer; if it does, there is no meeting of the minds between the parties because the modification then becomes a counteroffer. *See United Concrete Pipe Corp. v. Spin–Line Co.*, 430 S.W.2d 360, 364 (Tex.1968). The modification made, however, must be material in order to qualify as a rejection of the original offer and to constitute a counteroffer. *See Gilbert v. Pettiette*, 838 S.W.2d 890, 893 (Tex.App.—Houston [1st Dist.] 1992, no writ); *MTrust Corp. N.A. v. LJH Corp.*, 837 S.W.2d 250, 254 (Tex.App.—Ft. Worth 1992, writ denied).

■ Changing the "1/2" designation in the reservation clause to read "100% of minerals Held By Seller" is a material alteration when read within the context of the whole provision. The original offer read that half the minerals were outstanding in third parties and that appellee would retain "none." Appellants changed this provision to read that 100% of the minerals were outstanding in appellee (a fact that was subsequently found to be true, but neither appellee nor appellants were aware of at the time of the offer), and appellee would still retain "none." Appellants contend this change is not material, but rather, it should be seen as an "ineffective nullity," because under either version the appellee was to retain no mineral estate. However, read in its context, this alteration implies that appellee would convey 100% of the minerals. At the time he made the offer, appellee intended only to convey ½ of the minerals, unsure as to the status of ownership of the other half. At no time did appellee offer to convey 100% of the minerals. Therefore, the implications arising from this alteration, coupled with the fact that seller did in fact own 100% of the minerals, constitute a material alteration in the terms of the offer.

■ The addition of the phrase "100% of surface control" is also a material alteration. It is well-settled that the mineral estate is dominant. The mineral estate owner has the right to use so much of the surface as may be reasonably necessary to enjoy his minerals. *See Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 788 (Tex.1995); *Tarrant County Water Control v. Haupt*, 854 S.W.2d 909, 911 (Tex.1993). Therefore, under established law, appellants would not be entitled to 100% control of the surface. Rather, their ownership of the surface estate would be burdened by appellee's reasonable use in developing his half of the mineral interest. As written, this addition would obligate appellee to transfer 100% surface control to appellants, an obligation not contemplated by the parties.

■ Finally, appellants' insertion of the provision regarding the condition of the property at closing is also a material alteration. In Provision # 7, appellants agreed to accept the property in its "present condition." However, under Provision # 11, entitled "Special Provisions," appellants inserted "Removal of pile of building debris prior to closing." This addition constitutes a change in appellee's obligations to appellants, adding an extra burden on appellee not anticipated by the parties.

By making these alterations, appellants have rejected appellee's offer and have made a counteroffer. The record reflects appellee never accepted this counteroffer. Therefore, there is no contract upon which to base a breach of contract claim.

### Sub–Point 2: Statute of Frauds

Appellee also asserted in his motion that appellants did not have a valid contract because the requirements of the Statute of Frauds were not satisfied. In this appeal, appellants contend the statute was satisfied, and in the alternative, the statute does not render this contract unenforceable.

■ To be enforceable, a contract for the sale of real property must comply with the Statute of Frauds. *See Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex.1978). The statute requires an agreement to be in writing and signed by the party to be charged. *See* Tex.

BUS. & COM.CODE ANN. § 26.01 (Vernon 1987). The written memorandum must be complete within itself in every material detail and must contain all the essential elements of the agreement, so that the contract can be ascertained from the writing without resorting to oral testimony. *See Cohen,* 565 S.W.2d at 232.

█ The property description here read "168.32 acres, Wm. Holland Survey, A–30," located in Grimes County, Texas. It is well established that a deed purporting to convey land, which describes it only by quantity and as being part of a larger tract, with nothing to identify what specific portion of the larger tract is intended to be conveyed, is void for uncertainty of description. *See Smith v. Sorelle,* 87 S.W.2d 703, 705, 126 Tex. 353, 357 (Tex.1935). Thus, the property description in this case is insufficient.

█ Furthermore, appellee did not sign the contract containing appellants' alterations. There is no dispute between the parties regarding this particular element of the statute. Therefore, because the description fails to adequately describe the property to be conveyed, and the writing is not signed by the party to be charged, this contract is not enforceable under the Statute of Frauds.

█ Appellants urge, however, that the statute does not preclude the enforceability of this contract due to appellee's conduct. However, appellants do not produce evidence of the kind of conduct that would avoid the strictures of the statute. *See Nagle v. Nagle,* 633 S.W.2d 796, 799–800 (Tex.1982) (recognizing that the statute would be avoided upon a showing of actual fraud or estoppel). Appellants admit that appellee did not intend to defraud them. Accordingly, application of the statute to this agreement precludes its enforceability.

### Sub–Point 3: Fact Issues

Appellants further contend that the trial court erred in granting summary judgment because several fact issues were raised by the summary judgment evidence. First, appellants assert a fact question exists regarding appellants' argument that appellee was estopped from denying the enforceability of the contract. Appellants' pled this estoppel theory in their amended petition, but never asserted it as grounds for denying summary judgment.

█ It is well-settled that issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response and are not expressly presented by mere reference to summary judgment evidence. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). In an appeal from a summary judgment, issues to be reviewed by the appellate court must ˙have been actually presented to and considered by the trial court. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675– 77 (Tex.1979). Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. *See* TEX.R.APP. P. 166a(c); *Travis v. City of Mesquite,* 830 S.W.2d 94, 99–100 (Tex.1992). Pleadings are not to be considered in determining whether fact issues are expressly presented in summary judgment motions. *See Clear Creek Basin Authority,* 589 S.W.2d at 678. Because appellants failed to raise the defense of waiver in their response to appellee's motion for summary judgment, this theory cannot now be the basis for reversal on appeal.

Furthermore, relying on *Ogilvie v. Hill,* 563 S.W.2d 846 (Tex.App.—Texarkana 1978, writ ref'd n.r.e.), appellants argue that pleading for reformation of the contract, alone, raises a fact issue. In *Ogilvie,* the appellants plead for reformation based on a *mutual mistake* pertaining to the omission of field notes description of the tract in question. *See id.* at 849. The record showed that a survey had already been run and the surveyor's field notes describing that tract were before the parties when the contract was signed. *See id.* The court held that "[i]n *those circumstances,* a genuine issue of fact existed as to appellants' right to reformation, thus precluding summary judgment...." *Id.* (emphasis added).

In the present case, appellants presented no summary judgment evidence to raise a fact issue to support reformation of the deed. The record reflects that appellants pled for reformation only "in the event that the description of the property in question is held to be inadequate." Therefore, appellants' reliance on *Ogilvie* is misplaced.

 Finally, appellants contend that the alleged contract did not automatically terminate on December 1, 1993, pointing to an oral agreement between the parties to extend the closing date. The parole evidence rule is not a rule of evidence, but a rule of substantive law. *See Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30,31 (1958). When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements. *See id.* Assuming a valid contract did exist in this case, the parole evidence rule precludes its enforceability because the record reflects that this agreement was entered into prior to, and is inconsistent with, the written contract.

Based on the foregoing discussion, appellants' sole point of error is overruled. We affirm the summary judgment.