NO. 07-02-0052-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 4, 2002



______________________________



BETTY ANN NEWBY, 


 

 Appellant


v.



TISDALE SIDING, INC.



 Appellee

_________________________________



FROM THE COUNTY COURT OF HUTCHINSON COUNTY;



NO. 5681; HON. JACK WORSHAM, JUDGE


_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Appellant Betty Ann Newby, proceeding pro se, filed a notice of appeal from the trial
court's judgment dated October 7, 2001. Both the clerk's record and reporter's record
have been filed. Appellant's brief was originally due March 4, 2002, which date came and
went without a brief or extension being filed. The Court notified appellant on March 14,
2002, 

that the brief was past due and that failure to reasonably explain the reasons therefor
could result in dismissal. On March 15, 2002, a motion for extension of time to file the brief
was filed and appellant was granted an extension until March 29, 2002. So too was she
admonished that no further extensions would be granted without extreme and unusual
circumstances. The March 29, 2002 deadline has passed without appellant filing either
a brief or a further motion to extend the deadline.

 Accordingly, we dismiss the appeal for want of prosecution. See Tex. R. App. P.
38.8(a)(1) and 42.3(b) and (c).


 Per Curiam

 


Do not publish.



">Lewis v. Adams, 979
S.W.2d 831, 833 (Tex. App.-Houston [14th Dist.] 1998, no pet.). This she failed to do for
no issue was raised on appeal encompassing the no-evidence ground. 

 Mika having failed to attack both grounds asserted in support of summary judgment
upon her claim of negligent hiring, training, and supervision, we overrule her issue and
affirm the judgment. See id. (holding that the appellate court must affirm the summary
judgment when the appellant fails to negate each ground upon which the judgment may
have been granted). 


 Brian Quinn 

 Chief Justice 
1. We note and reject Mika's contention that Express failed to raise a no-evidence ground in its motion
for summary judgment. Appearing in that motion is the following passage: "Because of this, the Plaintiff's
claims are preempted by Federal Law. In addition, there is no evidence in this case of essential elements of
Plaintiff's claims and therefore, your Defendant is entitled to a summary judgment. . . ." (Emphasis added). 
Elsewhere in the same motion appears the statement that: "Plaintiff's negligent hiring claim is likewise, [sic]
governed by Defendant's No Evidence Motion for Summary Judgment." And, after describing the "necessary
elements of such a cause," Express stated that evidence satisfying those elements "is not present in this
case." From those elements, one cannot but conclude that Express included a no-evidence ground in its
motion.