NO. 12-02-00105-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MPH PRODUCTION COMPANY, INC.,
§
 APPEAL FROM THE 115TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


HENRY AND NADINE MCQUEEN,

APPELLEES
§
 UPSHUR COUNTY, TEXAS

 

 MPH Production Company, Inc. ("MPH") appeals the trial court's order granting summary
judgment in favor of Appellees, Henry McQueen and Nadine McQueen (collectively the
"McQueens"). MPH also appeals the trial court's order denying its cross-motion for summary
judgment. MPH raises two issues on appeal. We affirm.


Background

 On January 10, 1967, Leon and Madie Blalack (collectively the "Blalacks") executed a joint
and mutual will (the "will"). Pursuant to the terms of the will, the survivor of the marriage took the
estate, and, upon the death of the survivor, the remainder of the estate, if any, passed to the Blalacks'
son, Ronnie Blalack. On September 28, 1969, Leon Blalack died, and on May 24, 1977, the will was
probated as a muniment of title. Among the assets of the estate was certain real property located in
the C.B. Powell and Melinda Thornton Surveys in Upshur County, Texas, that is the subject of the
instant suit (the "property"). From 1985 until her death in 1992, Madie Blalack was adjudicated an
incompetent person, and a guardian was appointed for her estate. (1) 

 On April 27, 1990, Ronnie Blalack executed a royalty conveyance conveying all royalty
interests under certain real property to MPH for one year and so long thereafter as oil and gas was
produced in paying quantities. (2) The subject property was described as follows:


 All of that certain tract or parcel of land out of the A. Lumbera Survey, A-3, et al, Upshur County,
Texas, more fully described in an Instrument (and all amendments thereto, if any), recorded in Vol.
130, Page 756 of the Official Records of Upshur County, Texas.



This royalty conveyance was recorded in the Official Records of Upshur County, Texas, on May 31,
1990.

 On April 19, 1992, Madie Blalack died. Pursuant to the terms of the will, Ronnie Blalack
acquired all of Madie Blalack's estate in fee simple, including the property. On July 20, 1992,
Ronnie Blalack executed a mineral deed conveying the minerals in and under the property to the
McQueens. On August 13, 1992, Lutheran, as administrator of Madie Blalack's estate, executed a
warranty deed conveying the surface estate of the property to the McQueens, subject to all prior
mineral and/or royalty conveyances of record.

 MPH filed the instant lawsuit seeking to quiet title and further seeking declaratory relief that
MPH was the sole owner of the royalty interest in the property. On December 11, 2001, the
McQueens filed a motion for summary judgment alleging, among other things, that the 1990 royalty
conveyance to MPH was void for inadequate description of the property. MPH responded and filed
a cross-motion for summary judgment, to which the McQueens likewise responded. On March 4,
2002, the trial judge advised the parties by letter that she was granting the McQueens' motion for
summary judgment and denying MPH's cross-motion for summary judgment. In her letter, the trial 
judge specifically found that MPH's royalty conveyance was void because it contained an inadequate
description of the subject real property. A final judgment was entered on March 19, 2002, and this
appeal followed.


The Statute of Frauds and Contracts for the Sale of Real Estate

Standard of Review

 In reviewing a 166a(c) motion for summary judgment, this court must apply the standards
established in Nixon v. Mr. Property Mgt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which are as
follows:


 1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;

 2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and

 3. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.



See Nixon, 690 S.W.2d at 548-49. For a party to prevail on a motion for summary judgment, he
must conclusively establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at
least one essential element of the non-movant's cause of action, or prove all essential elements of an
affirmative defense. See Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995); see also MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is
on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved
against the movant, we must view the evidence and its reasonable inferences in the light most
favorable to the non-movant. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply
Co., 391 S.W.2d 41, 47 (Tex. 1965). We are not required to ascertain the credibility of affiants or
to determine the weight of evidence in the affidavits, depositions, exhibits and other summary
judgment proof. See Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952). The only question is
whether or not an issue of material fact is presented. See Tex. R. Civ. P. 166a(c).

 Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any issues that
would preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678-79 (Tex. 1979). All theories in support of or in opposition to a motion for
summary judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c). 
Furthermore, when both parties move for summary judgment, the non-prevailing party may appeal
both the prevailing party's motion as well as its own. See Holmes v. Morales, 924 S.W.2d 920, 922
(Tex. 1996). The appellate court may affirm the trial court's summary judgment or reverse and
render on the non-prevailing party's motion. Id. The appellate court must, when reviewing cross-motions for summary judgment, consider all the summary judgment proof and determine all
questions presented. See Ostrowski v. Ivanhoe Prop. Owners Ass'n, Inc., 38 S.W.3d 248, 252 (Tex.
App.-Texarkana 2001, pet. denied).

Adequacy of Description of Property in Real Estate Transaction

 The statute of frauds requires that all conveyances of real property be in writing and signed
by the party to be charged. See Tex. Bus. & Com. Code. Ann. 26.01(b)(4) (Vernon 2002). 
Furthermore, to satisfy the statute of frauds, the writing must furnish within itself, or by reference
to some other existing writing, the means or data by which the particular land to be conveyed may
be identified with reasonable certainty. See Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d
903, 909 (Tex. 1982). Generally, if the instrument containing the reference has enough information
to enable a person to identify the particular property to the exclusion of all others, the reference and
description are sufficient to satisfy the statute of frauds. See Harlan v. Vetter, 732 S.W.2d 390, 394
(Tex. App.-Eastland 1987, writ ref'd n.r.e.).

 In the instant case, MPH contends that the aforementioned legal description includes the
property that is the subject of the instant suit, which is located in the Powell and Thornton surveys. 
Although the description does not specifically refer to these other surveys, MPH argues that the
description is adequate because (1) the words "et al" indicate that the subject property is located in
the A. Lumbera Survey "and others," (3) (2) the document at volume 130, page 756 of the Oil, Gas and
Mineral Lease Records of Upshur County, Texas is a Supplemental Gas Unit Declaration, (4) which,
as a supplement, is a part of a gas unit declaration recorded in volume 116, page 579 of the Oil, Gas
and Mineral Lease Records of Upshur County, Texas, (5) (3) the document at volume 116, page 579
of the Oil, Gas and Mineral Lease Records of Upshur County, Texas includes as part of the unit
description, tract 13, an oil, gas and mineral lease dated November 17, 1961, from Leon Blalack, et
ux, as Lessor, to J.M. Garrett, as Lessee, recorded in volume 88, page 289 of the Oil, Gas and
Mineral Lease Records of Upshur County, Texas, and (4) a review of the subject property described
in the mineral lease indicates that it is the same property in dispute in the case at hand. We disagree.

Failure to Reference Survey/Reference to Document Not in Existence at Time of Conveyance

 Generally, where a deed describes land in one survey, but does not specifically describe or
mention land in another survey, the instrument does not convey the land mentioned in the other
survey. See Gore v. Cunningham, 297 S.W.2d 287, 291 (Tex. Civ. App.-Beaumont 1956, writ ref'd
n.r.e.). However, a mistake in the name of the survey is not necessarily fatal when there is other
descriptive language from which the correct survey is evident. See U.S. Enterprises, Inc. v. Dauley,
535 S.W.2d 623, 630 n.3 (Tex. 1976). Moreover, if a property description refers to another
instrument that correctly describes the property to be conveyed, the other instrument "may be looked
to in aid of the description." Maupin v. Chaney, 163 S.W.2d 380, 383 (Tex. 1942). While it is
arguable that the words "et al" could indicate that the subject property is located in other surveys in
addition to the A. Lumbera Survey, A-3, it does not make the description more definite, nor does it
change the fact that, at the time of the conveyance, volume 130 of the Official Records of Upshur
County, Texas did not exist. (6) See Templeton v. Dreiss, 961 S.W.2d 645, 658 (Tex. App.-San
Antonio 1998, pet. denied) (an instrument that does not furnish within itself, or by reference to some
other existing writing, the means or data by which the land can be identified is void for uncertainty
of description). Here, the summary judgment evidence indicates that prior to January 1, 1988,
documents affecting title to real property were preserved by the Upshur County Clerk and his office
staff in the Deed Records, Deed of Trust Records, Materialmen and Mechanic's Lien Records,
Abstract of Judgment Records, various Tax Lien Records, and the Oil and Gas Lease Records. 
Beginning January 1, 1988, these different records were combined and designated the Official
Records of Upshur County Texas. The parties acknowledge that volume 130 did not exist at the time
of the royalty conveyance. While it is clear from the parties' respective arguments that the intended
reference in the royalty conveyance was to volume 130, page 756 of the Oil, Gas and Mineral
Records of Upshur County, Texas, such a fact is not clear from the face of the conveyance or any
other documents referenced therein. 

 All we can discern from our reading of the April 1990 conveyance is that the property in
question, which may be a part of multiple surveys, including but not limited to the A. Lumbera
Survey, A-3, is more fully described in an instrument recorded in volume 130, page 756 of the
Official Records of Upshur County, Texas. It follows that the reference made in the April 1990
royalty conveyance for purposes of describing the subject property is not only insufficient since it
referred to a document not in existence at the time of the conveyance, see Templeton, 961 S.W.2d
at 658, but also gives rise to uncertainty because it does not enable a person to identify the particular
property to the exclusion of all others. See Harlan, 732 S.W.2d at 393.

Erroneous Reference to Other Instrument Not Always Fatal

 As MPH notes in its brief, Harlan also sets forth that "even though the reference to the other
instrument is itself in some respects, erroneous or the instrument is otherwise misdescribed in some
particular, . . . such other instrument may nevertheless be looked to in ascertaining what property
was intended to be conveyed if [1] it corresponds with the reference in other respects, and [2]
extrinsic proof shows that there is no other instrument which would accord with the language used
in referring to the prior instrument." Harlan, 732 S.W.2d at 394. Here, as urged by MPH, the
reference in the mineral conveyance corresponds to a document in Oil, Gas and Mineral Lease
Records of Upshur County, Texas. Further, it is undisputed, that at the time of the conveyance, no
records existed at volume 130, page 756 of the Official Records of Upshur County, Texas. Thus,
we conclude that there was no other instrument in existence at the time of the conveyance which
would accord with the erroneous reference. (7) 

 Turning to the document at volume 130, page 756 of the Oil, Gas and Mineral Lease Records
of Upshur County, Texas, MPH argues that the Supplemental Gas Unit Declaration requires further
investigation to the Main Gas Unit Declaration. However, MPH's argument overlooks the fact that
not only does the Supplemental Gas Unit Declaration not describe the property at issue, but also that
it contains a description of a two-acre parcel of land. Given the fact that the royalty conveyance does
not set forth the acreage of the land conveyed, we are unable to determine from the face of the
royalty conveyance whether the parties intended to refer to the two-acre tract described in the
Supplemental Gas Unit Declaration as opposed to the 682-acre tract in the Main Gas Unit
Declaration. (8) Therefore, since we are unable to identify the particular property at issue in the present
case to the exclusion of all others, we conclude that the royalty conveyance at issue is void for
uncertainty of description of the subject property. See Lewis v. Adams, 979 S.W.2d 831, 835 (Tex.
App.-Houston [14th Dist.] 1998, no pet.). Accordingly, we hold that the trial court did not err in
granting the McQueens' motion for summary judgment and denying MPH's cross-motion for
summary judgment. MPH's first issue is overruled. MPH's second issue is dependent on the
validity of the royalty conveyance and is likewise overruled. 

 The trial court's order granting the McQueens' motion for summary judgment and denying
MPH's cross-motion for summary judgment is affirmed.

 SAM GRIFFITH 

 Justice


Opinion delivered August 30, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.








(DO NOT PUBLISH)
1. At the time of her death, Lutheran Social Services of Texas, Inc. ("Lutheran") was acting as guardian of
Madie Blalack's estate. During the seven-year course of the guardianship, however, several successor guardians
were appointed.
2. The issue of whether Ronnie Blalack had the authority to convey the property was not raised by the
parties.
3. See Black's Law Dictionary 553 (6th ed. 1990).
4. (the "Supplemental Gas Unit Declaration").
5. (the "Main Gas Unit Declaration").
6. The summary judgment evidence further indicates that, at present, volume 130, page 756, contains an
unrelated confirmation and amendment of a deed of trust.
7. We are mindful of the fact that the rule in Harlan makes use of the present tense in its reference to other
instruments which would accord with the language used in referring to the prior instrument. See Harlan, 732
S.W.2d at 394. That fact notwithstanding, we interpret the language of Harlan to refer to documents in existence at
the time of the conveyance in question. Such an interpretation is in accord with the general rule that the reference be
to an existing writing. See Gulf Oil Corp., 637 S.W.2d at 909. 
8. We note that the Main Gas Unit Declaration does not describe the subject property either.