NO. 07-05-0146-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 4, 2006


______________________________



KATHERINE MIKA, 



 Appellant


v.



EXPRESS JET AIRLINES, INC., 



 Appellee

_________________________________



FROM THE 280TH DISTRICT COURT OF HARRIS COUNTY;



NO. 2003-36,486; HON. TONY LINDSAY, PRESIDING


_______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Katherine Mika (Mika) appeals from a final judgment denying her recovery against
Express Jet Airlines, Inc. (Express). Her sole issue concerns the trial court's decision to
grant Express a partial summary judgment on the issue of negligent hiring, training, and
supervision. We overrule the issue and affirm the judgment.

 Express raised two grounds, via its amended motion for summary judgment,
attacking Mika's claim of negligent hiring, training, and supervision. One dealt with the
federal preemption doctrine while the other dealt with the absence of any evidence
illustrating that Express negligently hired, trained, or supervised the employee in question. (1) 
Moreover, in granting the motion, the trial court did not specify upon which ground it relied. 
Consequently, Mika had the burden on appeal to illustrate why none of the grounds
asserted by Express entitled the litigant to summary judgment. Lewis v. Adams, 979
S.W.2d 831, 833 (Tex. App.-Houston [14th Dist.] 1998, no pet.). This she failed to do for
no issue was raised on appeal encompassing the no-evidence ground. 

 Mika having failed to attack both grounds asserted in support of summary judgment
upon her claim of negligent hiring, training, and supervision, we overrule her issue and
affirm the judgment. See id. (holding that the appellate court must affirm the summary
judgment when the appellant fails to negate each ground upon which the judgment may
have been granted). 


 Brian Quinn 

 Chief Justice 
1. We note and reject Mika's contention that Express failed to raise a no-evidence ground in its motion
for summary judgment. Appearing in that motion is the following passage: "Because of this, the Plaintiff's
claims are preempted by Federal Law. In addition, there is no evidence in this case of essential elements of
Plaintiff's claims and therefore, your Defendant is entitled to a summary judgment. . . ." (Emphasis added). 
Elsewhere in the same motion appears the statement that: "Plaintiff's negligent hiring claim is likewise, [sic]
governed by Defendant's No Evidence Motion for Summary Judgment." And, after describing the "necessary
elements of such a cause," Express stated that evidence satisfying those elements "is not present in this
case." From those elements, one cannot but conclude that Express included a no-evidence ground in its
motion.



Locked="false" Priority="39" Name="toc 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0086-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



DECEMBER
13, 2010

 



 

TIMOTHY S. BARBIAN,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2010-426,409; HONORABLE CECIL G.
PURYEAR, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Timothy S. Barbian
challenges his conviction for aggravated assault with a deadly weapon by
contending the evidence is not factually sufficient to sustain it.  According to appellant, the victim had
insufficient credibility to be believed. 
Thus, the verdict was improper.  We
affirm the judgment. 

            Appellants
notice of appeal and brief were filed before the Court of Criminal Appeals
issued its decision in Brooks v. State, No.
PD-0210-09, 2010 Tex. Crim. App. Lexis 1240
(Tex. Crim. App. October 6, 2010). 
There, it did away with factual sufficency review and instead simply
required that we consider the evidence only to determine whether a rational
trier of fact could have found the elements of the offense beyond a reasonable
doubt.  Id. at *57.  Appellant was
afforded the opportunity to rebrief in light of Brooks and, upon doing so, argues that we should refuse to apply Brooks at all, that the decision has no
precedential value because it is unpublished, and that we should refuse to
apply it retroactively.  

            Initially,
we note that the opinion has been designated for publication.  Id. at
*59.  Moreover, the Court noted that
there is no meaningful distinction between a factual sufficiency and legal
sufficiency review, and thus a separate factual sufficiency challenge should
not be addressed.  Id. at *57-58.  Because this
opinion does serve as precedent and since appellant concedes that he has not
raised a legal sufficiency challenge, there is nothing for us to consider.  

            However, we
note parenthetically that the credibility issues that appellant raises with
respect to the victim were placed before the jury.  We cannot substitute our opinion of her
believability for that of the jury; nor could we do so before Brooks.  See Lancon v. State, 253 S.W.3d 699, 707
(Tex. Crim. App. 2008) (holding that the jury is the sole judge of the
credibility of the witnesses and the weight to be given their testimony and may
choose to believe all, some, or none of the evidence presented).  Moreover, there was evidence that corroborated
portions of the victims testimony, including some found in appellants bedroom
and vehicle.  So, even if Brooks was inapplicable, the evidence
supporting his conviction would nonetheless be factually sufficient.

            

 

Accordingly, we affirm the judgment. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

Do not publish.