NO. 07-05-0146-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 4, 2006

_____

KATHERINE MIKA,

Appellant

v.

EXPRESS JET AIRLINES, INC.,

Appellee

_____

FROM THE 280TH DISTRICT COURT OF HARRIS COUNTY;

NO. 2003-36,486; HON. TONY LINDSAY, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Katherine Mika (Mika) appeals from a final judgment denying her recovery against Express Jet Airlines, Inc. (Express). Her sole issue concerns the trial court's decision to grant Express a partial summary judgment on the issue of negligent hiring, training, and supervision. We overrule the issue and affirm the judgment.

Express raised two grounds, via its amended motion for summary judgment, attacking Mika's claim of negligent hiring, training, and supervision. One dealt with the

federal preemption doctrine while the other dealt with the absence of any evidence illustrating that Express negligently hired, trained, or supervised the employee in question.[1] Moreover, in granting the motion, the trial court did not specify upon which ground it relied. Consequently, Mika had the burden on appeal to illustrate why none of the grounds asserted by Express entitled the litigant to summary judgment. *Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex. App.–Houston [14th Dist.] 1998, no pet.). This she failed to do for no issue was raised on appeal encompassing the no-evidence ground.

Mika having failed to attack both grounds asserted in support of summary judgment upon her claim of negligent hiring, training, and supervision, we overrule her issue and affirm the judgment. *See id.* (holding that the appellate court must affirm the summary judgment when the appellant fails to negate each ground upon which the judgment may have been granted).

Brian Quinn
Chief Justice

---

[1] We note and reject Mika's contention that Express failed to raise a no-evidence ground in its motion for summary judgment. Appearing in that motion is the following passage: "Because of this, the Plaintiff's claims are preempted by Federal Law. *In addition*, there is no evidence in this case of essential elements of Plaintiff's claims and therefore, your Defendant is entitled to a summary judgment. . . ." (Emphasis added). Elsewhere in the same motion appears the statement that: "Plaintiff's negligent hiring claim is likewise, [sic] governed by Defendant's No Evidence Motion for Summary Judgment." And, after describing the "necessary elements of such a cause," Express stated that evidence satisfying those elements "is not present in this case." From those elements, one cannot but conclude that Express included a no-evidence ground in its motion.