**Motion for Rehearing Granted; Motion for En Banc Reconsideration Denied as Moot; Majority and Dissenting Opinions filed April 25, 2013 Withdrawn; Affirmed and Substitute Memorandum Opinion on Rehearing filed July 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-01127-CV

**NEW DELIVERANCE CHURCH, INC., Appellant**

**V.**

**ADAM MILLER AND HOUSSIERE, DURANT & HOUSSIERE, LLP, Appellees**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-70043A**

## SUBSTITUTE MEMORANDUM OPINION ON REHEARING

We issued our original Majority and Dissenting Opinions in this case on April 25, 2013. Thereafter, Adam Miller and Houssiere, Durant & Houssiere, LLP

("Houssiere") (collectively, "appellees") filed a motion for rehearing and a motion for en banc reconsideration. New Deliverance Church, Inc. ("the Church") filed a response to these motions. We grant appellees' motion for rehearing, withdraw our previous Majority and Dissenting Opinions, vacate our previous judgment, and issue this Substitute Memorandum Opinion on Rehearing and a new judgment, affirming the trial court's summary judgment in favor of appellees. Appellees' motion for en banc reconsideration is denied as moot.

## I. BACKGROUND

In 2004, an explosion occurred at a chemical plant owned by HRD Corporation d/b/a Marcus Oil & Chemical ("HRD"). Numerous litigants filed suit against HRD in cause number 2004-70043 ("the Original Suit"), including the Church and its pastor, Janice Caslin. As discussed in more detail below, the parties dispute whether appellees (who are an attorney and a law firm)[1] and the Church entered into an attorney-client agreement relative to this litigation.

In February 2007, Caslin and HRD attended mediation. During the mediation, Caslin and HRD signed a handwritten "Rule 11 & Settlement Agreement" ("the Rule 11 Agreement") whereby Caslin ostensibly settled the Church's claims against HRD for $300,000. Thereafter, the Church filed a motion to vacate the Rule 11 Agreement, claiming the agreement was invalid for several reasons, including appellees' deficient representation. Appellees filed a motion to withdraw as counsel for the Church, which the trial court granted.

HRD filed a motion for summary judgment in which it challenged the Church's grounds for vacating the Rule 11 Agreement and argued the agreement

---

[1] According to appellees, the Church initially signed a retention agreement with Miller, who then referred the Church to Houssiere. For simplicity, we will use the term "appellees," even when an act was performed by Miller or Houssiere individually.

should be enforced. In May 2007, the trial court granted HRD's motion. Appellees then filed a traditional motion for summary judgment, arguing that, pursuant to their engagement agreement with the Church, the Church owed them a 40% contingency fee (as well as other costs and expenses) of the $300,000 settlement enforced by the trial court in its May 2007 summary judgment. The Church filed a response to appellees' motion for summary judgment, a motion to strike appellees' plea in intervention, and an original answer to appellees' plea in intervention. Appellees filed a motion to strike all three of the Church's pleadings, which the trial court granted. The trial court also granted appellees' motion for summary judgment, ordering the Church to pay appellees $139,540.80 in attorney's fees and expenses.

Appellees filed a motion to sever claims between them and the Church from the Original Suit. The trial court granted appellees' motion and transferred the claims to cause number 2004-70043A ("the Severed Suit"). HRD is not a party to the Severed Suit. The severance effected a final judgment in the Severed Suit.

## II. SUMMARY JUDGMENT

In three issues, the Church challenges the summary judgments entered in favor of HRD and appellees.

### A. Standard of Review

We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for traditional summary judgment must establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant establishes a right to summary judgment, the burden shifts to the non-

movant to present evidence raising a material fact issue. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

## B. Issues Pertaining to HRD

In its first and second issues, the Church contends the trial court erred by granting HRD's traditional and no-evidence motion for summary judgment, concluding the Rule 11 Agreement was valid and enforceable. However, as explained above, HRD is not a party to the Severed Suit. Furthermore, the summary judgment in favor of HRD remains an interlocutory order in the Original Suit. Accordingly, we may not consider the propriety of the trial court's summary judgment in favor of HRD. We overrule the Church's first and second issues.

## C. Issue Pertaining to Appellees

In its third issue, the Church contends the trial court erred by granting summary judgment in favor of appellees on their claim against the Church for attorney's fees. In their motion for summary judgment, appellees argued the Church owed them, as a contingency fee, 40% of the settlement amount approved and enforced by the trial court when it granted HRD's motion for summary judgment.

Appellees' claim for contingency fees is based on a document entitled, "Power of Attorney and Engagement Agreement" ("the Engagement Agreement"), which appellees attached to their plea in intervention and motion for summary judgment. The Engagement Agreement contains a provision affording appellees a contingency fee of 40% of any settlement entered into prior to a final judgment rendered after trial.

The Church contends Caslin signed the Engagement Agreement solely in her

4

individual capacity. Appellees respond that the Church is unambiguously a party to the Engagement Agreement or, alternatively, that the Church ratified the Engagement Agreement.

In our Majority Opinion on original submission, we held appellees did not raise a ratification ground in their motion for summary judgment. However, appellees have supplemented the clerk's record with a supplemental motion for summary judgment in which they raised ratification. The Church does not challenge ratification on appeal. Accordingly, we must affirm the summary judgment. *See Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Regardless, appellees presented evidence establishing the Church retained benefits of the Engagement Agreement, namely, appellees' legal services, including taking numerous depositions and hiring expert witnesses. *See Willis v. Donnelly*, 199 S.W.3d 262, 273 (Tex. 2006) ("Generally, ratification is a doctrine of agency law, and allows a principal to be bound by an agent's unauthorized contract in circumstances where the principal becomes aware of the contract and retains benefits under it."). We overrule the Church's third issue.[2]

We affirm the trial court's judgment.


/s/     John Donovan
         Justice


Panel consists of Justices Boyce, McCally, and Donovan.

---

[2] The Church also argues the Engagement Agreement is not binding because it was undated. The Church cites no authority supporting the proposition that a contract is invalid if it is undated. Moreover, the evidence shows appellees performed legal services on behalf of the Church, and which the Church accepted, prior to execution of the Rule 11 Agreement.