

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00703-CV

Eric **WARD**,
Appellant

v.

Brooke **WARD**,
Appellee

From the County Court at Law No 4, Williamson County, Texas
Trial Court No. 11-1851-FC4
The Honorable John B. McMaster, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  February 5, 2014

AFFIRMED

In this appeal from a final divorce decree, appellant asserts the trial court erred by (1) disregarding certain provisions of the parties' mediated settlement agreement; (2) rendering a partial summary judgment concluding the parties' property agreement was unenforceable; (3) improperly dividing the marital estate; and (4) improperly ordering him to pay Brooke's attorney's fees directly to her and from his portion of a joint account. We affirm.

## BACKGROUND

Eric and Brooke Ward married in January 2004, and, in 2007, they had a son. On May 30, 2011, Eric and Brooke signed a "Property and Co-Parenting Agreement" ("the Property Agreement"). Two weeks later, Eric filed an original petition for divorce. Brooke later filed a counter-petition for divorce. In April 2012, Brooke filed a motion for partial summary judgment arguing the Property Agreement was not enforceable as a matter of law. About a year after Eric filed his original petition, Eric and Brooke signed a "Mediated Settlement Agreement" ("the MSA"), which resolved only the issues regarding their son. The trial court later signed an order granting Brooke's motion for partial summary judgment and declaring the Property Agreement unenforceable. On August 1, 2012, the trial court signed the final divorce decree. Eric now appeals.

## MEDIATED SETTLEMENT AGREEMENT

Eric first contends the divorce decree is inconsistent with the provisions of the MSA regarding certain joint responsibilities for their son. Under the MSA, Eric and Brooke agreed to be joint managing conservators of their son; they would jointly exercise the right to consent to medical, dental, and surgical treatment involving invasive procedures for their son; and each had the right to consent to psychiatric and psychological treatment for their son. The MSA is signed by both parties and their respective attorneys.

However, contrary to the MSA, the trial court stated on the record:

I'm worried about [the child]. There's an agreement that was made in regards to [the child]. It is not customary for judges to come back in and redo mediated settlement agreements. You guys did a good job that you got that out of the way because if that was in front of me right now it would be real bad. . . . .

The trial court also stated:

Mrs. Ward, I'm going off the reservation on one item of your mediated settlement agreement because I do specifically find that it is not in the child's best

interest that anyone make psychological or medical decisions but you. That's on the final decree I want Mrs. Ward making all medical and psychological decisions for [the child]. Everything else is shared.

In its findings of fact, the trial court found it was in the child's best interest that Eric and Brooke be appointed joint managing conservators with certain exclusive rights vested in Brooke, including the right to consent to medical, dental, and surgical treatment involving invasive procedures, as well as psychiatric and psychological treatment for their son. In the divorce decree, the trial court ordered that Brooke, as joint managing conservator, had the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures, as well as psychiatric and psychological treatment for the child. On appeal, Eric asserts the trial court abused its discretion by disregarding the MSA provisions. Specifically, Eric contends there is no evidence or insufficient evidence to support a finding that the MSA's provisions regarding medical, dental, and surgical treatment involving invasive procedures, as well as psychiatric and psychological treatment for their son, were not in the child's best interest or that the MSA was illegal or violated public policy.

When the trial court verbally pronounced its decision "that it is not in the child's best interest that anyone make psychological or medical decisions but" Brooke, Eric did not object. Later, during a hearing on the language of the final decree, one of the disputes involved who should pay for expenses related to psychiatric and psychological treatment for the child. The MSA, which allowed each parent to independently exercise the right to seek such treatment, provided that if the parents "do not both agree on the rendition of [these] service[s] . . . then the parent who obtains those services shall be solely responsible for their cost." At the hearing on entry of the decree, Brooke's attorney argued that because the trial court decided Brooke alone could exercise this right, this payment provision in the MSA should be struck and the costs shared equally. Eric's attorney, again, did not object to the trial court's ruling regarding the exclusive rights granted to

Brooke, and, instead, only argued that Eric should not be required to pay half the cost. We conclude that, because Eric did not raise the same objections before the trial court that he now raises on appeal, he has not preserved his complaints for our review. *See* TEX. R. APP. P. 33.1(a).

## THE PROPERTY AGREEMENT

Eric next asserts the trial court erred by rendering a partial summary judgment in favor of Brooke. In her motion for summary judgment, Brooke asserted the Property Agreement was unenforceable as a matter of law for two reasons. She first argued the agreement was not a valid partition/exchange or conversion agreement because it did not effectuate an immediate transfer of the parties' rights and interests in their property. Second, Brooke argued the agreement was not an enforceable settlement agreement incident to divorce because (1) the agreement was drafted and signed before the parties anticipated or filed for divorce, and (2) if it is a valid settlement agreement, the agreement is not valid because it was not submitted to the trial court for approval or incorporated into the divorce decree and was repudiated by Brooke before the court rendered the divorce.

On appeal, the entirety of Eric's argument in his appellate brief centers on whether the Property Agreement is a valid partition agreement and not simply an agreement to agree in the future. Eric asserts the trial court erred by "finding that the Property Agreement was unenforceable because it was not a valid partition agreement." However, in its summary judgment order, the trial court did not specify its grounds. Instead, the trial court simply held the Property Agreement was "unenforceable as a matter of law." When, as in the present case, a movant asserts multiple grounds for summary judgment, and the trial court does not specify in the order the ground on which summary judgment was granted, the nonmovant must negate all grounds on appeal. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1998, no pet.). If the nonmovant fails to challenge all

grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment. *See Lewis*, 979 S.W.2d at 833; *Fields v. City of Texas City*, 864 S.W.2d 66, 68 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

In her appellee's brief, Brooke asserted this court should affirm the summary judgment because Eric did not challenge her second reason for summary judgment. In his reply brief, Eric admits he "did not specifically address Brooke's argument that the Property Agreement was not an enforceable agreement incident to divorce because it clearly was not enforceable." He further states: "Even if the Property Agreement was an agreement incident to divorce (which is doubtful), Brooke clearly repudiated the Property Agreement a few days after she and Eric signed the Property Agreement." Having apparently conceded to Brooke's second basis for summary judgment, Eric extends his challenge to the first basis for summary judgment by arguing, for the first time, that Brooke's defenses to a partition or exchange agreement are limited to whether she signed the agreement voluntarily or whether the agreement is unconscionable. Eric contends Brooke signed the Property Agreement voluntarily.

In his reply brief, Eric contends the voluntariness of the agreement is not waived because he raised a broad *Malooly* point in his Motion for New Trial and his Motion to Modify, Correct or Reform. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (issue on appeal stating simply that trial court erred by granting summary judgment "allows argument as to all the possible grounds upon which summary judgment should have been denied"). On appeal, a party must argue his claim of error in his appellate brief; "it is insufficient simply to refer the appellate court to the party's trial court arguments." *Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 325 (Tex. App.—Fort Worth 2007, pet. denied). "Were we to approve of this tactic, appellate briefs would be reduced to a simple appellate record reference to a party's trial court arguments. Additionally, this would be an open door for parties to circumvent the appellate brief page

limitations." *Guerrero v. Tarrant Cnty. Mortician Servs. Co.*, 977 S.W.2d 829, 832–33 (Tex. App.—Fort Worth 1998, pet. denied). Accordingly, on appeal, we do not construe Eric's specific complaint as a broad *Malooly* complaint.

As to the argument raised in his reply, the Texas Rules of Appellate Procedure provide that an appellant "may file a reply brief addressing any matter in the appellee's brief." TEX. R. APP. P. 38.3. However, an issue raised for the first time in a reply brief is waived and need not be considered by an appeals court. *See Anderson Prod. Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex. 1996) (court declined to consider issue first raised in reply brief); *López v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied) (court declined to consider issue not raised in appellant's original brief or raised in response to appellee's brief). The issues raised in Eric's reply brief with regard to whether the Property Agreement was signed voluntarily were not raised in Eric's original brief, and cannot be said to be responsive to the arguments contained in Brooke's appellee's brief. *See* TEX. R. APP. P. 38.3; *López*, 131 S.W.3d at 61. Accordingly, Eric's argument raised in his reply brief are not properly before this court.

Because Eric either did not challenge all grounds on which the summary judgment may have been granted or he conceded to the second basis for summary judgment, we must uphold the summary judgment.

## MARITAL PROPERTY DIVISION

Eric asserts the trial court erred in dividing the marital property, including community and separate, in the final divorce decree.[1] Specifically, Eric contends (1) the evidence is insufficient to support the factors—other than cruelty—that the trial court considered in dividing the property;

---

[1] Eric's statement of this issue also includes his claim that the trial court erred in characterizing and valuing the marital property; however, he provides no argument under this portion of his issue on appeal. Therefore, we consider this issue only as it pertains to the trial court's division of the marital property.

(2) the trial court divided the property based upon an arbitrary ten percent rule; (3) the 38.5%/61.5% division of property is manifestly unjust; and (4) the trial court failed to hold Brooke accountable for funds she spent during the pendency of the divorce.

One of the factors considered by the trial court was "the cruelty on the part of Eric Ward during the marriage." On appeal, Eric does not challenge the sufficiency of the evidence in support of this finding. "Although infrequent since the introduction of no-fault divorce, a Texas court may still grant a divorce on the ground of cruel treatment." *Newberry v. Newberry*, 351 S.W.3d 552, 556 (Tex. App.—El Paso 2011, no pet.) (concluding court did not err in its finding of cruelty as a basis of fault because evidence was legally sufficient to support trial court's finding of cruelty; therefore, court did not err in awarding disproportionate share of marital estate to appellee on both cruelty and adultery as bases of fault); *see also Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981) (holding trial court may consider fault of one spouse in breaking up the marriage when making a property division). "The court may grant a divorce in favor of one spouse if the other spouse is guilty of cruel treatment toward the complaining spouse of a nature that renders further living together insupportable." TEX. FAM. CODE ANN. § 6.002 (West 2006). Therefore, because Eric does not challenge the trial court's finding on cruelty, and because a trial court may consider cruelty in making a disproportionate division of property, we need not address Eric's contention that the evidence is insufficient to support the other factors considered by the trial court in dividing the marital property.

Other than his conclusory statement that the trial court divided the property based upon an arbitrary ten percent rule, Eric provides no authoritative support for his contention. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Therefore, we next consider Eric's assertion that the trial court's 38.5%/61.5% division of property is manifestly unjust.

Equality in the division of marital property is not required, and this court indulges every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate. *Murff*, 615 S.W.2d at 699; *Johnson v. Johnson*, 948 S.W.2d 835, 838 (Tex. App.—San Antonio 1997, writ denied). In exercising its discretion, the trial court may consider numerous factors, such as the nature of the marital property; the relative earning capacity and business opportunities of the parties; the parties' relative financial condition and obligations; the parties' education; the size of separate estates; the age, health, and physical conditions of the parties; fault in breaking up the marriage; the benefit the innocent spouse would have received had the marriage continued; and the probable need for future support. *Murff*, 615 S.W.2d at 699.

In reviewing a trial court's division of a marital estate, it is our duty to presume that the trial court properly exercised its discretion. *Chafino v. Chafino*, 228 S.W.3d 467, 473 (Tex. App.—El Paso 2007, no pet.); *Burney v. Burney*, 225 S.W.3d 208, 215 (Tex. App.—El Paso 2006, no pet.). Thus, the party challenging the division bears the burden of demonstrating from the evidence in the record that the trial court's division was so unjust and unfair as to be an abuse of discretion. *Chafino*, 228 S.W.3d at 473-74; *Burney*, 225 S.W.3d at 215.

On appeal, Eric lists the community property awarded to him and the community property awarded to Brooke. He then contends the division of community property including the $94,000 attorney's fee awarded to Brooke that was deducted from his accounts resulted in him being awarded 38.5% of the community estate and Brooke being awarded 61.5% of the community estate. With no discussion of or citation to the record and no authoritative support, Eric concludes this resulted in a grossly disproportionate division of property. Because Eric provides no facts, no citations to the record, and no argument to support his global disproportionality challenge, we must conclude he has not satisfied his burden of demonstrating from the evidence in the record that the trial court's division was so unjust and unfair as to be an abuse of discretion.

Eric's final complaint regarding the property division is his contention that the trial court failed to hold Brooke accountable for funds she spent during the pendency of the divorce. As support, Eric first points to a statement made by the trial court during a pre-trial hearing that with regard to attorney's fees, the court was "putting everyone on a diet." Eric also points to an agreed docket control plan, in which the court states that "[o]ther than attorneys' fees and litigation expenses, the Parties are ORDERED not to incur an expense on any one item which exceeds $5,000.00 without written agreement or Court Order." Other than his testimony at a post-trial hearing that Brooke spent more than $623,000 from June 2011 to September 2012, Eric cites to no place in the record during the bench trial where he asked the trial court to hold Brooke responsible for her spending, nor does he cite to any evidence in the record that any one item of her spending exceeded $5,000.00. Therefore, this contention on appeal is without merit.

## ATTORNEY'S FEES

Finally, Eric asserts the trial court abused its discretion in awarding Brooke $94,000 in attorney's fees and ordering him to pay the fees from his portion of a Vanguard Joint Account.

Eric did not raise any concerns when the trial court announced on the record it was awarding Brooke $94,000 in attorney's fees; he did not object to the proposed final decree during a later hearing regarding the language of the proposed final decree; and, at another post-trial hearing, Eric expressly agreed that an additional $50,000 in retainer be paid to Brooke's attorney from the Vanguard account. Because it does not appear that Eric raised any complaint about the attorney's fee award at trial, he may not raise it for the first time on appeal. TEX. R. APP. P. 33.1; *see In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) (failure to raise complaint at trial waives review of complaint on appeal); *McIntyre v. McIntyre*, 722 S.W.2d 533, (Tex. App.—San Antonio 1986, no writ) (holding husband had "no basis for now complaining that the proceeds from the sale of

the property are exempt" because he failed to raise the complaint at trial or in a motion for new trial).

## CONCLUSION

For reasons stated above, we affirm the trial court's judgment.


Sandee Bryan Marion, Justice